UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY, <br><br> *Plaintiff*, <br><br> v. <br><br> TXU CORP. *et al.*, <br><br> Defendants. | MISCELLANEOUS BUSINESS DOCKET  04-10069 <br><br> (Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division) <br><br> Civil Action No. |

---

NON-PARTY AMERICAN NATIONAL POWER, INC.'S
OPPOSITION TO TXU'S MOTION TO COMPEL
AND CROSS-MOTION FOR PROTECTIVE ORDER AND COSTS

---

AMERICAN NATIONAL POWER, INC.

By its attorneys,

Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000, phone
(617) 345-9020, facsimile

## **TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  STATEMENT OF FACTS ............................................................................................. 3

III. ARGUMENT .................................................................................................................. 8
    A.    TXU Violated Its Duty To Act In Good Faith Toward ANP Before Bringing Its Motion To Compel ............................................................................................... 8
    B.    TXU Has Not Demonstrated An Entitlement To The Requested Information From A Non-Party ........................................................................................................ 11
        1.    TXU Must Pursue The Requested Discovery From The Plaintiff In The Texas Case .............................................................................................. 12
        2.    TXU Has Not Demonstrated The Relevance of The Requested Information ........................................................................................... 13
        3.    The Burden On ANP Outweighs Any Nominal Relevance Of The Requested Information .................................................................................... 13
    C.    ANP Should Be Awarded Its Attorney's Fees And Costs .................................. 14
    D.    Any Future Discovery Demand Should Comply With The Proposed Protective Order ................................................................................................................... 16

# **TABLE OF AUTHORITIES**

**Cases**

Bada Co. v. Montgomery Ward & Co., 32 F.R.D. 208 (S.D. Cal. 1963) ........................................ 12
Bayou Steel Corp. v. Danieli Corp., A. 99-3440, 2001 WL 45349, at *1 (E.D. La. Apr. 30, 2001)
    ............................................................................................................................................. 8, 10
Builders Association of Greater Chicago v. City of Chicago, No. 96 C 1122, 2001 WL 664453,
    at * 8 (N.D. Ill. June 12, 2001) ............................................................................................ 13, 14
Compaq Computer Corp. v. Packard Bell Electronics, Inc. 163 F.R.D. 329 (N.D. Cal. 1995) ... 13
Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, LTD., 333 F. 3d 38 (1st Cir. 2003). 12, 14
In Re Raytheon Securities Litigation, 218 F.R.D. 354 (D. Mass. 2003) ...................................... 15
Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41 (D. Mass. 1998) ........... 15
Ross v. Citifinancial, Inc., 203 F.R.D. 239 (S.D. Miss. 2001) ..................................................... 10
Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251 (D. Mass. 1999) ................ 2, 8, 10, 15

**Rules**

Fed. R. Civ. P. 26 ...................................................................................................................... 1, 16
Fed. R. Civ. P. 37 ...................................................................................................................... 1, 15
Fed. R. Civ. P. 45 ................................................................................................................... passim
Local Rule 37.1 .............................................................................................................. 8, 9, 10, 11
Local Rule 7.1 ..................................................................................................................... 8, 9, 11

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff*,<br><br>v.<br><br>TXU CORP. *et al.*,<br><br>Defendants. | MISCELLANEOUS BUSINESS DOCKET<br><br>(Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division)<br><br>Civil Action No. |

**NON-PARTY AMERICAN NATIONAL POWER, INC.'S
OPPOSITION TO TXU'S MOTION TO COMPEL
AND CROSS-MOTION FOR PROTECTIVE ORDER AND COSTS**

Non-party American National Power, Inc. ("ANP") respectfully brings this Opposition pursuant to Fed. R. Civ. P. 45(c)(2)(B) to the Motion to Compel Production of Documents ("Motion") by TXU Corporation ("TXU"), and further moves pursuant to Rules 26(c)(4), 37(a)(4)(B) and 45(c)(1) for a protective order (in the form attached hereto) limiting the scope of discovery and for an award of costs and attorney's fees incurred as a result of TXU's Motion.

## I. INTRODUCTION

This matter arises from a subpoena *duces tecum* and notice of deposition that TXU served on ANP. The subpoena and notice seek discovery allegedly pertaining to a case pending in the United States District Court for the Northern District of Texas (Dallas Division) in an action styled William J. Murray v. TXU Corp., (No. 3:03 CV-088P) (the "Texas Case"). ANP is not a party to the Texas Case, and it has no interest in the outcome of that proceeding. Yet, TXU's subpoena and notice demand ANP to respond to broad requests for confidential and inaccessible information pertaining to a former ANP employee, William J. Murray. As demonstrated below,

and in the enclosed affidavits of David T. Musselman ("Musselman Aff.") and Nona S. Pucciariello ("Pucciariello Aff."), TXU's efforts to obtain discovery from ANP, and the instant Motion, stand in clear violation of the Federal Rules of Civil Procedure and the Local Rules of this District.

First, TXU violated its legal obligation to defer bringing the Motion before conferring in good faith with ANP to either resolve the instant discovery dispute or, at a minimum, narrow the issues brought before the Court. TXU has steadfastly refused to respond to ANP's repeated, good faith invitations to reach agreement on narrowing the scope of the subpoena and notice. Indeed, TXU brought the instant Motion at the very time ANP was urging TXU to work toward such an agreement. Moreover, despite this conduct, the Motion is accompanied by a Certification by TXU's counsel which affirmatively misrepresents that TXU has met its obligation to confer in good faith. These omissions and misrepresentations provide ample grounds for the denying the Motion. See, e.g., Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251, 253 (D. Mass. 1999) (denying discovery motion and imposing sanctions on counsel for filing motion without conferring in good faith and for submitting false certification).

Second, TXU has not met its burden to show why nonparty ANP – which is both a TXU competitor and a creditor of a TXU affiliate, TXU-Europe – should respond to TXU's broad, indiscriminate demands for confidential and commercially sensitive information. TXU's inflexible demands of ANP are exacerbated by the fact that TXU has failed to demonstrate it could not obtain the requested information from William Murray, the plaintiff in the Texas Case.

For these reasons, the Motion should be denied, TXU should be ordered to reimburse ANP for the attorney's fees and costs incurred in responding to the Motion, and any further

2

attempt by TXU to obtain discovery from ANP should only occur pursuant to the terms of the proposed protective order, filed herewith.

## II. STATEMENT OF FACTS

On November 13, 2003, ANP received a facsimile at its Marlborough, Massachusetts, office which purported to constitute service on ANP of a subpoena *duces tecum* and notice of deposition in the Texas Case (hereinafter the "November Subpoena and Notice"). The subpoena and notice were issued through the federal District Court in Dallas (the "Texas Court"). The subpoena called for ANP to produce the following almost limitless universe of documents:

> *Any and all records and documents pertaining to William James Murray ... including but not limited to all* personnel records, employment applications, resumes, interview notes, information forms, performance and attendance reports, e-mail correspondence, termination forms, workers' compensation information, discrimination charges or claims, unemployment claims, medical and other benefit records, payroll records, W-2 and W-4 forms, all records reflecting any financial compensation, fringe benefits and payroll ledgers, and all litigation files are records, including claims asserted by or against Murray, demand letters, lawsuits, pleadings, discovery, deposition transcripts, and settlement documents.

See Musselman Aff., Exhibit A (emphasis added). ANP is not a party to the Texas Case. See Musselman Aff., ¶ 3.

Within the time permitted by Fed. R. Civ. P. 45, indeed on the day after it received the November 13, 2003 facsimile, ANP delivered a letter to TXU identifying ANP's objections to the November Subpoena and Notice. See Musselman Aff., Exhibit B. In the letter, ANP objected to the November Subpoena and Notice because they were issued in violation of the 100-mile limit to the jurisdiction of the Texas Court set forth in Fed. R. Civ. P. 45. Id. In addition, ANP objected on the grounds that TXU's request for discovery was unduly burdensome, impermissibly broad, and threatened discovery of privileged and confidential information without a proper showing of necessity. Id. TXU is a competitor of ANP's, and a TXU affiliate,

3

TXU-Europe, is an ANP debtor, and is currently involved in bankruptcy-related proceedings in which ANP is an interested party. See Pucciariello Aff., ¶ 7. What is more, Mr. Murray's personnel file from ANP contains highly confidential, sensitive information including medical information, employment agreements and compensation records. Mr. Murray has not authorized ANP to disclose his personnel file, or any document relating to his employment with ANP. Id.

In the November 13 letter, ANP Vice President and General Counsel, David Musselman, advised TXU's counsel Patricia S. Gill, Esquire, that despite ANP's objections, he "would be pleased to discuss this matter," and he invited Attorney Gill to call him. See Musselman Aff., Exhibit B. Despite ANP's stated willingness to work cooperatively with TXU to attempt to address the discovery request, Attorney Gill never contacted Mr. Musselman to discuss the subpoena. See Musselman Aff., ¶ 5.

Two months later, on January 15, 2004, TXU served ANP with a subpoena *duces tecum* (the "January Subpoena") and notice of deposition (the "January Notice") issued through this District Court. See Pucciariello Aff. at ¶ 3. Although TXU remedied the jurisdictional infirmity in its original subpoena and notice, TXU had done nothing to limit the scope of the discovery request. The January Subpoena and the November Subpoena contained identical demands for documents. Compare Pucciariello Aff., Exhibit A, with Musselman Aff., Exhibit A.

As it did in November 2003, ANP immediately notified TXU of its objections to TXU's discovery request. See Pucciariello Aff., ¶¶8-10. On January 21, 2004, ANP Assistant General Counsel, Nona Pucciariello, contacted TXU's counsel, Patricia Gill, and inquired whether TXU was willing to narrow the scope of the January Subpoena, and to specify more precisely the documents needed by TXU. Id., ¶8 Attorney Gill responded that TXU was entitled to *all* the

4

documents requested, and that she would not agree to narrow the scope of the January Subpoena in any manner. Id.

On January 27, 2004, ANP, through Ms. Pucciariello, delivered a letter to Attorney Gill, stating ANP's objections to the January Subpoena and January Notice pursuant to Fed. R. Civ. P. 45. See Puciariello Aff., Exhibit B. One day later, on January 28, 2004, Ms. Pucciariello left a telephone message with Ms. Gill advising that notwithstanding ANP's objections, ANP was willing to attempt to reach a compromise on the scope of the company's response. See Puciariello Aff., ¶10. In that message, Attorney Pucciariello invited Ms. Gill to call and discuss the matter. Id. TXU did not contact ANP again for almost a month. Id.

Despite ANP's continued attempts to work with TXU to resolve the discovery dispute, on February 25, 2004, Attorney Gill telephoned Ms. Pucciariello and threatened to file a motion to compel if ANP did not immediately produce all documents demanded by the January Subpoena. See Puciariello Aff., ¶ 11. In response, Ms. Pucciariello again asked if TXU would modify the scope of the discovery request. Id. Attorney Gill refused this request, although she did propose that any documents produce by would be covered by a protective order. Id.

On February 26, 2004, Ms. Pucciariello responded by e-mail to Attorney Gill and requested that she forward a draft protective order, and provide confirmation that TXU would reimburse ANP for all costs associated with any document production. See Puciariello Aff., Exhibit C. Ms. Pucciariello further advised that ANP was in the process of determining the time and expense required to respond to the January Subpoena and Notice. Id.

On Friday, February 27, 2004, Ms. Pucciariello received an e-mail message from Attorney Gill in which Attorney Gill stated that "this has been delayed long enough," and again threatened to file a motion to compel if ANP did not "fully comply" with the January Subpoena.

See Pucciariello Aff., Exhibit D. In the message, Attorney Gill advised that she would be forwarding a draft protective order, and she affirmed TXU's willingness to reimburse ANP's expenses. Id.

On Monday, March 1, 2004, Ms. Pucciariello received another e-mail message from Attorney Gill that did not include a draft protective order, but insisted that TXU would move to compel if Ms. Pucciariello did not respond by the next day. See Pucciariello Aff., Exhibit E. The next day, Attorney Gill sent another e-mail message which enclosed a form protective order to be filed in by the Texas Court. See Pucciariello Aff., Exhibit E. In that message, Attorney Gill advised that if ANP did not confirm by the close of business on March 2 that it would "fully comply" with the subpoena and notice she would promptly file a motion to compel. Id.

On March 2, 2004, Ms. Pucciariello delivered a letter to Attorney Gill which detailed ANP's ongoing efforts to determine the location of potentially responsive documents. See Pucciariello Aff., Exhibit G. In the letter, Ms. Pucciariello explained that because more than three years had passed since William Murray left ANP, responsive materials would need to be recovered from back-up tapes of the computer system from the company's Houston office (which has been closed), and e-mail files would need to be restored. Id. Ms. Pucciariello further advised that over 200 boxes of files from the Houston office would have to be reviewed, and that this process likely would require several weeks. Id. In the letter, Ms. Pucciariello again inquired whether TXU would agree to reduce the scope of the January Subpoena and Notice. Ms. Pucciariello advised that if such agreement were reached, Mr. Murray's personnel records could be produced is a short period of time, subject to the preparation of an acceptable protective order and subject to ANP's complying with any legal obligations attending to the production of that file. Id. Ms. Pucciariello reiterated ANP's desire to work with TXU in reaching an agreement

6

on the necessary protective order, as well as the reimbursement of ANP's costs. Ms. Pucciariello requested that Attorney Gill advise how TXU wished to proceed. The following day, March 3, 2004, Ms. Pucciariello sent an e-mail message to Attorney Gill which provided comments on TXU's draft form protective order. See Pucciariello Aff., Exhibit H.

TXU did not respond to ANP's revisions to the draft protective order. Moreover, despite ANP's ongoing efforts to reach agreement on the scope of the discovery request, on March 5, 2004, TXU filed the instant Motion. Ms. Pucciariello did not receive any further correspondence until ANP was served with the Motion on Monday, March 8, 2004. See Pucciariello Aff., ¶¶19-20.

Ms. Pucciariello received no response to her March 2 letter to Attorney Gill until Sunday, March 7, 2004, when she arrived at her office to find a facsimile letter from Attorney Gill dated March 5, 2004. See Pucciariello Aff., ¶19. The facsimile notification line on the letter indicates that the letter was delivered to ANP at 5:08 pm on Friday, March 5, 2004. Accordingly, it appears that the letter was delivered to ANP on or after the time TXU filed the Motion. In the letter, Attorney Gill stated that she as "still amenable to resolving" outstanding issues concerning the Subpoena and Notice "without the Court's intervention." Id.

TXU's subpoena and notice seeks impermissible discovery from non-party ANP. In addition, TXU filed a motion to compel without first requesting a discovery conference with ANP, and either resolving this dispute or setting forth for the Court the reasons why the parties' discovery conference failed. Thus, TXU has violated its legal obligations under the Federal Rules of Civil Procedure and this Court's Local Rules. Accordingly, ANP filed this Opposition and Cross-Motion seeking an order limiting discovery, and awarding ANP its costs including attorney's fees.

7

## III. ARGUMENT

### A. TXU Violated Its Duty To Act In Good Faith Toward ANP Before Bringing Its Motion To Compel

As a threshold matter, the Motion should be denied due to TXU's conduct in filing this Motion in clear violation of its obligation under the rules of this Court, and the Federal Rules of Civil Procedure.

Local Rule 7.1(A)(2) states: "*No* motion shall be filed *unless* counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue." (Emphasis added). In addition, Local Rule 37.1 "*prohibits* the filing of a [discovery] motion ... until a period of seven days has elapsed from the request for a discovery conference." Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251, 253 (D. Mass. 1999) (emphasis added). The requirements set forth in the Local Rules apply to all discovery motions, including motions to compel. See Local Rule 37.1(A) ("Before filing *any* discovery motion ... counsel for each of the parties *shall* confer in good faith to narrow the areas of disagreement to the greatest possible extent. It shall be the responsibility of *counsel for the moving party* to arrange for the conference.") (emphasis added); see also Bayou Steel Corp. v. Danieli Corp., A. 99-3440, 2001 WL 45349, at *1 (E.D. La. Apr. 30, 2001) ("If the Court finds that opposing counsel has willfully refused to meet and confer, or having met, willfully refused or failed to confer in good faith, the Court may impose sanctions as it deems proper.").

In Syrjala, this Court sanctioned counsel for a defendant for filing a motion for a protective order before allowing the opposing party seven days to respond to the defendant's request for a discovery conference, and for certifying that the defendant had complied with the rules without first confirming that its representation was accurate. Syrjala, 186 F.R.D. at 252-54. Here, TXU's conduct is even more egregious. TXU failed to even *request* a discovery

8

conference with ANP, and it instead has rebuffed ANP's repeated attempts to confer in good faith. ANP's efforts were ongoing even as TXU took steps to file this Motion. These efforts, which are documented in the chain of correspondence from ANP to TXU,[1] refute the Certification in the Motion in which TXU's counsel asserts that she "conferred in good faith" to resolve or narrow the issues raised in the Motion, and was "unable to resolve this matter without the involvement of the Court." The disingenuous nature of this Certification is underscored by the fact that after 5 p.m. on Friday, March 5, 2004 – after TXU filed this Motion – TXU's counsel faxed a letter to ANP stating that TXU was still amenable to resolving this dispute without the intervention of the Court. See Ms. Pucciariello Aff., Exhibit I.

Rather than respond in good faith to ANP's invitations to confer, TXU began making threats to file a motion to compel. Indeed, as TXU admits in its Motion, TXU responded to ANP's request to narrow the scope of discovery by filing the instant Motion. See Motion, p. 5 ("ANP's offer to produce selected documents on a 'reduced scope' [basis] [sic] is unacceptable. *Accordingly, Defendants move this Court for an order compelling ANP to produce the requested documents, without limitation*") (emphasis added). Nowhere in TXU's Motion or supporting attorney affidavit does TXU explain how (or whether) it responded to ANP's concerns about the scope of discovery or that it accepted any of ANP's invitations to resolve this dispute.

Nevertheless, the alleged "Certification Pursuant to Local Rules 7.1(A)(2) and 3.7" affixed to TXU's Motion purports to certify the following:

> Pursuant to Local Rules 7.1(A) and 37.1, I, Patricia S. Gill, counsel for Defendants, hereby certify that I have conferred in good faith with counsel for American National Power, Inc. in an attempt to resolve or narrow the issues in this Motion, but have been unable to resolve this matter without the involvement of the Court.

---

[1] Notably, TXU's Motion, and the affidavits submitted by its counsel, fail to inform the Court of these efforts by ANP.

9

See Motion, p. 3. This statement is simply untrue. TXU never requested a discovery conference and never engaged in good faith negotiations with ANP. Rather, TXU made repeated threats to file a motion to compel and, indeed *filed* such a motion without first complying with the Local Rules. See, e.g., Local Rule 37.1(B) (recognizing that a party may move to compel only if the party first requests a discovery conference with opposing counsel). Thus, it is clear that the right to bring a motion to compel is conditioned on a good faith attempt to schedule a discovery conference. Here, TXU made no such attempt. What is more, TXU submitted a false certification that the parties had in fact held a discovery conference and failed to resolve their dispute. Accordingly, the Court should deny TXU's Motion. See Syrjala, 186 F.R.D. at 254 ("there is nothing in [counsel's] affidavit which gives any indication as to why [counsel] believed [the parties] had conferred. This is a patently insufficient basis for make a certification to the Court [and] the signing of an untrue certification ... warrants a sanction.").

TXU cannot rely on the letters and telephone communications exchanged between counsel before the filing of the Motion. First, these efforts do not replace the requirement under Local Rule 37.1 that TXU request a conference with ANP's counsel. See, e.g., Bayou Steel Corp., 2001 WL 45349, at *1 ("It is the movant's responsibility to initiate the [discovery] conference. Exchanging letters may be a step in the process, but it is not a substitute for such a conference."); Ross v. Citifinancial, Inc., 203 F.R.D. 239, 240 (S.D. Miss. 2001) (correspondence between counsel does not fulfill requirement that parties have conferred on discovery issues). Second, as the correspondence shows, TXU's resolute failure to narrow the January Subpoena, and its precipitous decision to go to Court while ANP was working to resolve the dispute, belies TXU's claim of good faith.

Finally, apart from TXU's failure to satisfy the requirement set forth in the Local Rules to request a discovery conference, TXU's Motion still should fail because it does not state with particularity, as required under Local Rule 37.1, the reasons why a discovery conference was not held or if a conference was held, where and when the conference took place, who was present for each party, the issues resolved during the conference, and the issues remaining for the Court to resolve. See Local Rule 37.1(B)(III). In the materials filed in connection with its Motion, TXU does not – because it cannot – set forth with the particularity required by Rule 37.1 any meaningful effort to resolve this dispute without resorting to litigation.

TXU's failure to comply with the conference and certification requirements of the Local Rules is fatal to TXU's Motion. Moreover, this conduct mirrors TXU's dealings with ANP during the past months. TXU's January Subpoena and Notice is impermissibly broad and unduly burdensome. Despite this, TXU has refused to meet its obligation under Fed. R. Civ. P. 45 to act in good faith to limit the burden placed on non-party ANP. See Fed. R. Civ. P. 45(c)(1) ("A party or any attorney responsible for the issuance of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena"). TXU declined ANP's repeated requests to agree to a more limited scope of discovery, and filed the instant Motion in the face of those requests.

**B.   TXU Has Not Demonstrated An Entitlement To The Requested Information From A Non-Party**

The Motion should also be denied because TXU is not entitled to the documents it seeks. The standard governing an attempt by a party to obtain discovery from a non-party is set forth in Fed. R. Civ. P. 45, which provides: "A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on

11

a person subject to that subpoena." Fed. R. Civ. P. 45C(c)(1). TXU's conduct falls far short of meeting this standard.

### 1. TXU Must Pursue The Requested Discovery From The Plaintiff In The Texas Case

As reflected in Fed. R. Civ. P. 45, broad discovery should not be obtained from a nonparty absent a showing of need. See, e.g., Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, LTD., 333 F. 3d 38, 41 (1st Cir. 2003) ("the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs") (emphasis added). Here, TXU has not made any showing that it exhausted alternative avenues to obtain the requested information from William Murray. At a minimum, TXU must pursue those efforts before burdening ANP. See id.; see also Bada Co. v. Montgomery Ward & Co., 32 F.R.D. 208, 210 (S.D. Cal. 1963) ("If the plaintiff has good cause to require non-litigating witnesses to produce these documents, then certainly it has good cause to acquire this information directly from the defendant. The proper procedure for the plaintiff [is to file] a motion against its litigating adversary"). While TXU alleges that Mr. Murray did not provide sought-after information in response to interrogatories, TXU does not suggest that it moved to compel the production of this information from Mr. Murray, or questioned him about it in deposition. Indeed, as the Motion makes clear, the information TXU seeks is not in the sole possession of non-party ANP. It cannot even be argued that ANP is the best source for this information, which concerns Mr. Murray's knowledge, background, and training, not any particular or unique aspect of his work for ANP. See Motion at 2-4.

12

### 2. TXU Has Not Demonstrated the Relevance of the Requested Information

TXU has not shown that any discovery from ANP is relevant to the underlying litigation. While TXU argues that ANP does not have standing to raise questions of relevance, this argument lacks merit. See, e.g., Compaq Computer Corp. v. Packard Bell Electronics, Inc. 163 F.R.D. 329, 336 (N.D. Cal. 1995) (holding that non-party served with subpoena "has standing to assert that the subpoenaed information is irrelevant"). Moreover, it is well settled that TXU must establish the relevance of the requested documents as a prerequisite to taking any action against ANP. See id. ("It is clear that ... relevance of subpoenaed information has an important bearing upon the determination of a claim that a subpoena *duces tecum* is unreasonable or oppressive, as well as to a claim of confidentiality for the material sought") (internal citations and quotation marks omitted); Builders Association of Greater Chicago v. City of Chicago, No. 96 C 1122, 2001 WL 664453, at * 8 (N.D. Ill. June 12, 2001) ("Obviously, if the sought-after documents are not relevant, nor calculated to lead to the discovery of admissible evidence, then any burden whatsoever imposed on [the subpoenaed entity] would be by definition undue") (emphasis in original; internal citations and quotation marks omitted).

### 3. The Burden On ANP Outweighs Any Nominal Relevance Of The Requested Information

The burden on ANP to produce the requested information would be great. It has been three years since Mr. Murray left ANP; ANP's Texas office is now closed; and a large majority of the information TXU seeks is either in storage or available only in electronic format. See Pucciariello Aff., ¶ 16. Requiring ANP to retrieve, review and produce this information would require a significant expenditure of time and resources by the company. See id. Given the burden ANP faces, and TXU's failure to show why the requested information is even necessary,

13

TXU is not entitled to the discovery it seeks. See, e.g., Heidelberg Americas, Inc. v. Tokyo Kikai Seisakusho, LTD., 333 F. 3d at 41 ("the unwanted burden thrust upon non-parties is a factor entitled to *special weight* in evaluating the balance of competing needs"); Builders Association of Greater Chicago, No. 96 C 1122, 2001 WL 664453, at * 8 ("Whether a subpoena imposes an undue burden upon a witness ... turns on such factors as relevance, the need of the party for the documents, the breadth of the request ... and the burden imposed") (citations omitted).

In its Motion, TXU alleges that it would be satisfied with obtaining only the information contained in a file in ANP's possession in its Massachusetts office. See Motion, p. 9. While this is a constructive step forward, the record demonstrates that TXU did not demonstrate any such tone of cooperation before bringing its Motion. Instead, TXU has demonstrated only a resolute inflexibility in refusing to narrow the scope of the requested discovery and demanding that ANP meet the letter of the Subpoena and Notice. See Motion, p. 4. (Subpoena and Notice demand that ANP provide "[a]ny and all records (including electronic information) and documents pertaining to William James Murray").

Finally, TXU's request for information should be considered in context with the fact that the January Subpoena targets a TXU competitor, as well as a creditor of TXU's affiliate, TXU-Europe. In addition, the subpoena also seeks confidential information the disclosure of which could affect Mr. Murray's right to privacy. Considering the burden placed on ANP to respond, this would constitute an improper request from *any* party, but especially from a party, like TXU, with a host of interests adverse to those of ANP.

### C.    ANP Should Be Awarded Its Attorney's Fees And Costs

Not only should the Motion be denied, but TXU should be ordered to reimburse ANP for the costs and attorney's fees it has incurred in connection with this proceeding. Fed. R. Civ. P.

14

37 states unequivocally that where a motion to compel is denied and "after affording an opportunity to be heard, [the Court shall] require the moving party or the attorney filing the motion or both of them to pay the party ... who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees." See Fed. R. Civ. P. 37(a)(4)(B). In addition, pursuant to Fed. R. Civ. P. 45, it is within this Court's authority to enforce the duty to avoid imposing undue burden or expense on a non-party. The Court may "impose upon the party or attorney in breach of this duty an appropriate sanction, which may include…lost earnings and a reasonable attorney's fee." See Fed. R. Civ. P. 45(c)(1). Finally, prior decisions by this Court have awarded costs and attorney's fees under these same circumstances. See, e.g., Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251, 253 (D. Mass. 1999) (imposing sanctions on counsel for filing discovery motion without conferring in good faith and for submitting false certification); In Re Raytheon Securities Litigation, 218 F.R.D. 354, 360 n.1. (D. Mass. 2003) (affirming denial of motion to compel where plaintiff failed to comply to with Local Rule 37.1); Prozina Shipping Co. Ltd. v. Thirty-Four Automobiles, 179 F.R.D. 41, 48 (D. Mass. 1998) (awarding costs plus attorney's fees to defendant and citing the "cavalier nature" of plaintiffs' filing of discovery motion without regard to Local Rule 37.1).

Awarding ANP its costs and attorney's fees is appropriate in this case. As shown, TXU brought this Motion after refusing to agree to any reasonable modification to the Subpoena and Notice, and despite ANP's on-going effort to reach an acceptable resolution of this dispute. TXU has failed to demonstrate why ANP, rather than the plaintiff in the Texas Case, should be burdened with these demands for discovery. Moreover, as set forth above, TXU's Motion contains a Certification that makes clear misrepresentations about TXU's prior conduct in this proceeding. Pursuant to Fed. R. Civ. P. 37(a)(4)(B), ANP respectfully requests this Court

15

schedule a hearing to determine the amount of costs and attorney's fees that are recoverable from TXU.

### D. Any Future Discovery Demand Should Comply With The Proposed Protective Order

Finally, in order to protect ANP from any future unreasonable and/or oppressive request for discovery, ANP requests that the Court issue a protective order, in the form filed herewith, to monitor all future demands from TXU.

Fed. R. Civ. P. 26 authorizes any person to move for a protective order to require "that the scope of the disclosure or discovery be limited to certain matters" where, as here, justice requires protection from "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c)(4). Thus, in connection with this Opposition, ANP has provided the Court with a proposed protective order that is tailored to impose reasonable requirements on any future demand for information in connection with the Texas Case. As indicated, the proposed order predicates any such demand on TXU's demonstrating that it has complied with its legal obligations in connection with obtaining discovery from a non-party. These obligations include, among others, an affirmative showing by TXU that it exhausted alternative channels for obtaining the information it seeks from ANP; that such information is relevant to the Texas Case; that the confidentiality of discoverable information shall be protected; and that ANP will be reimbursed for any and all costs incurred in responding to the request.

WHEREFORE, ANP respectfully requests that this Honorable Court enter an order:

A.  Denying TXU's Motion;

B.  Awarding ANP its attorney's fees and costs incurred in connection with the Motion, and scheduling a hearing for a determination on the amount of those fees and costs;

16

C.  Directing that any future request for discovery by TXU to ANP in the Texas Case comply with the terms of the terms of the Protective Order proposed by ANP; and

D.  Granting such other relief as is just and proper.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.

By its attorneys,

Dated: March 22, 2004

Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA 02109
(617) 345-9000, phone
(617) 345-9020, facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this date to all counsel of record.

Christopher H.M. Carter

17