**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

*Darin Alan Day*
dday@haslaw.com

April 9, 2004

**By Hand Delivery**
Ms. Deborah Keefe
Civil Clerk – Miscellaneous Business Docket
U. S. District Court for the District of Massachusetts
John Joseph Moakley U. S. Courthouse
1 Courthouse Way
Boston, MA  02210

Re:    **William J. Murray v. TXU Corp. *et al.* (No. 04-MBD-10069)**

Dear Ms. Keefe:

Enclosed please find Non-Party American National Power, Inc.'s (1) Motion to Strike pursuant to
Fed. R. Civ. P. 12(f); (2) supporting Memorandum of Law; (3) Affidavit of Tammy L. LaPorte;
(4) Affidavit of Christopher H.M. Carter, Esq. and (5) a Motion for Leave to File Surreply in the
above-captioned matter.

Please do not hesitate to contact me if you have any questions.

Sincerely,

Darin Alan Day

Enclosure

cc:    Nona Pucciariello, Esq.
       Counsel of Record

#481133 v1

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM J. MURRAY, | ) | MISCELLANEOUS BUSINESS |
| | ) | DOCKET NO. 04-MBD-10069 |
| *Plaintiff,* | ) | |
| | ) | (Related to Cause |
| v. | ) | No. 3:03 CV-088P, U.S. District |
| | ) | Court, Northern District of |
| TXU CORP. *et al.,* | ) | Texas, Dallas Division) |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## ANP'S SURREPLY MEMORANDUM IN SUPPORT OF OBJECTION TO MOTION TO COMPEL

American National Power, Inc. ("ANP") respectfully brings this Surreply Memorandum in support of its Objection to TXU's Motion to Compel (the "Objection"), and in response to TXU's Reply Memorandum in support of its Motion to Compel (the "TXU Reply").

**I.    INTRODUCTION**

According to the TXU Reply, ANP's Objection diverts attention from the "the real issue" of TXU's alleged "entitlement to the subpoenaed documents," and "attacks" TXU's counsel for failing to comply with the Local Rules of this District. See TXU Reply, p. 5. The TXU Reply ignores the documented record of TXU's rejection of ANP's repeated requests to compromise on the subpoena. Instead, the reply asserts that TXU "patiently and reasonably" sought compliance with the subpoena, but its "good faith efforts were stonewalled by ANP's continued obstinacy and refusal to comply." See TXU Reply, p. 5.

The tone of the TXU Reply, and its distortion of the facts, mirrors TXU's conduct with ANP during the past five months. When the unsubstantiated allegations in the TXU Reply are scrutinized against the record of TXU's conduct prior to its Motion to Compel, the lack of merit

to that Motion is clearer than ever before. As a matter of law, TXU had no "entitlement" to demand a nonparty's unconditional compliance with a vaguely worked, overly broad subpoena served in violation of the rules of this Court, and requiring production of a vast amount of materials without regard to its relevance. The TXU Reply does not address TXU's steadfast refusal to accept *any* change in the scope of its subpoena. Finally, the reply, like the Motion to Compel, has compounded TXU's prior intransigence and unnecessarily escalate this costly, wholly avoidable discovery dispute.

## II.    THE REPLY IGNORES TXU'S VIOLATION OF THE RULES OF THIS COURT

The TXU Reply does not address TXU's failure to comply with established legal standards governing the issuance of Rule 45 subpoenas on nonparties. The uncontroverted record shows that TXU did not comply with these standards, which required the company to:

- Take reasonable steps to limit the burden that a discovery request would place on ANP. See Fed. R. Civ. P. 45(c)(1); see also Heidelberg Americas v. TKS, 333 F.3d 38 (1st Cir. 2003).

Before subpoenaing discovery from ANP about William Murray, the plaintiff in the Texas case, TXU should have first demanded the requested information from Murray himself. See, e.g., Hayworth, Inc. v. Herman Miller, Inc., 998 F.2d 975 (Fed. Cir. 1993). TXU has not even attempted to argue that it has exhausted efforts to obtain the requested information from Murray.

- Limit the scope of the materials it demanded from ANP. See, e.g., Heidelberg, supra. (TXU did not do this.) As discussed below, the TXU subpoena, which demanded production of *any* document in ANP's possession dealing remotely with William Murray, was overly broad and unduly burdensome on its face.

- Apply to the proper District Court for the issuance of the subpoena, and then affect proper service of the subpoena before demanding compliance from ANP. See Fed. R. Civ. P. 45(b)(2).

TXU did not do this. Instead, in October 2003, it obtained a subpoena from the Northern District of Texas, and in clear violation of Rule 45 demanded that ANP comply with an invalid subpoena.

- Once TXU finally procured a subpoena from this Court, and received ANP's timely objection under Rule 45, TXU was required to request a discovery conference, and then confer in good faith to "narrow the areas of disagreement to the greatest extent possible." Local Rule 37.1; see also Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251 (D. Mass. 1999).

TXU did not request a discovery conference with ANP, and it did not act in good faith "to narrow the areas of disagreement to the greatest possible extent." Local Rule 37.1(A). Indeed, the record shows that it was ANP that contacted TXU on January 28, 2004, offering to discuss the production of documents. See March 18, 2004 Affidavit of Nona S. Pucciariello ("Pucciariello Aff.") [previously filed with ANP's Objection], ¶10. TXU, however, never wavered from its demand for full compliance, without regard to the vague and overly broad language used in the subpoena. The heavy-handed demands in TXU's correspondence with ANP did not meet the requirements of Local Rule 37.1, or Rule 45. TXU's letters and e-mail to ANP, its Motion to Compel, and its Reply show that TXU has never agreed to anything less than full compliance with its subpoena *in its original overly broad form.*

- Had it requested a discovery conference, TXU would have had to wait seven days before moving to compel. See Local Rule 37.1.

The mandated waiting period provides an opportunity to resolve objections to a subpoena prior to litigation. Here, there is no dispute that TXU filed its March 5, 2004 Motion to Compel even though ANP, during the four day period of the filing of the Motion, repeatedly reiterated its desire to reach an agreement on the scope of the subpoena. See Pucciariello Aff., ¶¶16-17. TXU's decision to bring its Motion in the face of ANP's cooperation alone warrants the denial of

TXU's Motion to Compel.  See Medical Components, Inc. v. Classic Medical, Inc., 210 F.R.D. 175, 177 (M.D.N.C. 2002) (denying motion to compel because, *inter alia*, requesting party "refused even to negotiate" and "failed to budge from their initial position in any way and failed even to discuss a way to work out a solution"); Hasbro, 168 F.R.D. at 101 (denying motion to compel and explaining "that Defendant's counsel ... may have considered the entire matter to be at an impasse, which is not evident on the record, does not excuse the failure to include the necessary [good faith] certification").

- • Certify in the Motion to Compel that a conference was held, that a conference was requested but not held, or that the conference did not resolve all issues between the parties.  See Local Rule 37.1; see also Hasbro, Inc. v. Serafino, 168 F.R.D. 99, 101 (D. Mass. 1996).

A party that moves to compel without providing an accurate certification that these requirements have been met is subject to sanctions.  See Syrjala v. Total Healthcare Solutions, Inc., 186 F.R.D. 251 (D. Mass. 1999).  Syrjala illustrates the requirement in this District for strict compliance with the Rule 37.1 certification requirement.  The District Court imposed sanctions in Syjala because counsel in that case, as here, submitted a Rule 37.1 certification which failed to present "any indication as to why [counsel] believed [the parties] had conferred."  Syrjala, 186 F.R.D. at 254.  In Syrjala, this Court found that defendant's counsel violated Local Rule 37.1 when it requested a discovery conference but failed to permit Plaintiff's counsel seven days to respond before filing its motion.  See id.  Here, TXU never requested a discovery conference with ANP.

## III.    THE REPLY DOES NOT MASK TXU'S FAILURE TO ACT IN GOOD FAITH TO ADDRESS DEFECTS IN ITS SUPBPOENA

TXU's Reply contains a Chronology of alleged facts that purportedly support TXU's allegations of ANP's "stonewalling" and "obstinacy."  See TXU Reply, pp. 5-7.  As

demonstrated below, however, the Chronology misrepresents the record in this case, and raises new allegations that further distort the truth.

- ***October 30, 2003 to December 8, 2003***:  TXU suggests that ANP acted unreasonably by objecting to defects in the October 30, 2003 subpoena TXU procured from the District Court for the Northern District of Texas.  That subpoena, which was attached to an October 30, 2003 letter sent to ANP on November 12, 2003, was not valid.  It was delivered more than 100 miles beyond the Northern District of Texas, in violation of Rule 45; it was overly broad; and it demanded production at a remote location.  ANP had no obligation to honor the subpoena, and its General Counsel, David Musselman, complied with the letter of Rule 45 when, on November 13, 2003, he provided TXU with timely, written notice of ANP's objection to the subpoena.

The Chronology ignores that Mr. Musselman did not merely object to the October 30 subpoena.  Instead, in his November 13 letter to TXU's counsel, Patricia Gill, Mr. Musselman advised he "would be pleased to discuss this matter with you," provided his phone number, and invited Ms. Gill to contact him.  Neither Attorney Gill, nor anyone else acting for TXU, followed up on this invitation.  Rather than work cooperatively with ANP, on December 8, 2003, TXU obtained, according to its Chronology, an identically overly broad subpoena from this District.

- ***December 8, 2003 to January 13, 2004***:  In an attempt to show a pattern of deliberate, bad faith conduct by ANP, TXU now alleges that ANP deliberately avoided service of process of the December 8 subpoena.  The Chronology states that an unnamed process server "attempted numerous times to serve ANP," and was thwarted by ANP's "repeated avoidance of service of process."  See TXU Reply, pp. 5-6.  These allegations rely solely on a March 25, 2004 affidavit by Attorney Gill.

Neither the Gill Affidavit, nor the TXU Reply, identify a single specific fact in support of these accusations. These documents do not reference the date of any attempted service, the identity of the process server, or the manner in which a corporation like ANP, with a corporate office located in this District, could deliberately evade service of process. No such facts are alleged because no such evasion occurred.

ANP was not served with, or notified of the December 8 subpoena. ANP did not receive a copy of the subpoena until after TXU filed its March 5, 2004 Motion to Compel, and included the subpoena as an exhibit. TXU's allegation that ANP did, or somehow *could*, avoid service of process is not credible.[1] ANP's corporate office, in the December 2003 time period as now, is located at 62 Forest Street, Suite 102, Marlborough, Massachusetts. See April 8, 2004 Affidavit of Tammy L. LaPorte ("LaPorte Affidavit"), ¶2. ANP's office address is on file with the Commonwealth of Massachusetts' Office of the Secretary of State, and it also is the address for ANP's registered agent for service of process. See Carter Aff., Exhibit E. This is the same address that appears on the December 8, 2003 subpoena that, TXU and its counsel allege, could not be served.

The notion that the subpoena could not be served is illogical. Between December 8, 2004, and January 13, 2004, the date of the second subpoena, ANP's office in Marlborough was open each business day with the exception of December 24 and 25, 2003, and January 1, 2004. See LaPorte Affidavit, ¶6. ANP's office has a public entrance, with a large glass window that looks directly upon the desk of ANP's Office Manager. Id., ¶3. Visitors to ANP's office have

---

[1] The TXU Reply also contains other misstatements that demonstrate a similar disregard for the truth. For example, the TXU Reply contends that ANP's counsel signed a false certification of service on ANP's original Objection, and argues that TXU's counsel never received that pleading. See TXU Reply, p. 5 n.1. These statements are false. Not only was ANP's original Objection mailed to TXU's counsel, but on March 23, 2004, ANP's counsel sent another copy of the Objection by e-mail to David Poole, who is another Hunton & Williams attorney of record representing TXU. See April 9, 2004 Affidavit of Christopher H.M. Carter, Exhibit B.

access to an internal telephone and employee directory to summon the Office Manager, or any other employee. Id., ¶5. Under procedures practiced by the Office Manager and other ANP staff, visitors seeking to deliver subpoenas or other legal documents are directed to ANP's in-house counsel.[2]

No evidence exists that TXU, or any other entity, attempted to serve process on ANP between December 8, 2003 and January 13, 2004. Id. Notwithstanding TXU's failure to provide any factual basis for these allegations, upon receiving TXU's Reply, ANP conducted an internal inquiry to identify any effort by TXU, or others acting on its behalf, to serve a subpoena on ANP between December 8, 2003 and January 13, 2004. See LaPorte Aff., ¶7. No evidence of any such effort has been found. Id.

- ***January 15, 2004 through January 30, 2004***: TXU alleges that during this period, ANP "did <u>not</u> make any efforts to produce documents" by the January 30 deadline in the January 15 subpoena, and "did <u>not</u> attempt to further contact [TXU]" about responding to the subpoena. See TXU Reply, p. 6 (emphasis in original). These allegations are irreconcilable with the undisputed fact that on three separate occasions between January 15 and January 30, Nona Pucciariello, ANP's Assistant General Counsel, contacted TXU's counsel, Patricia Gill, and tried to reach a compromise on the scope of the subpoena. See Pucciariello Aff., ¶¶8-10. Under Rule 45, ANP had no further obligation to TXU after serving its objection. Nonetheless, on January 28, the day *after* serving TXU with written notice of ANP's objection to the subpoena pursuant to Rule 45, Ms. Pucciariello left a telephone message advising Attorney Gill of ANP's continued desire to compromise on the subpoena, and requesting Attorney Gill to call to discuss that matter. See Pucciariello Aff., ¶10.

---

[2] This policy was followed on January 15, 2004, when TXU's process server delivered the January 13, 2004 subpoena to ANP. The process server was immediately directed to ANP's Associate General Counsel, Nona Pucciariello, who readily accepted service of the subpoena on behalf of ANP. See Pucciariello Aff., ¶3.

- *January 30, 2004 through February 25, 2004:* As TXU's Chronology shows, it is undisputed that Attorney Gill did nothing to contact ANP until February 25, 2004, when Attorney Gill telephoned Ms. Pucciariello and, ignoring ANP's invitations to compromise, again insisted on full compliance with the original language of the subpoena, and threatening to file a motion to compel.

In its Reply, TXU argues that Attorney Gill's February 25, 2004 telephone call to Ms. Pucciariello met the demands for a Rule 25 conference. See TXU Reply, p. 7. To the contrary, that call consisted of Attorney Gill again demanding that ANP produce all documents covered by the all-encompassing and vaguely drafted subpoena. See Pucciariello Aff., para. 11. The fact that the call did not represent a conference within the meaning of Rule 45 is underscored by the fact that the first Affidavit of Patricia Gill, submitted in support of TXU's Motion to Compel, is also dated February 25, 2004. In other words, at the *same time* that TXU, according to the reply, was working in good faith to resolve the objections to its subpoena, it also had resolved to move to compel.

## IV.  TXU'S SUBPOENA IS IMPERMISSIBLY BROAD

TXU argues that ANP's objections to the scope the subpoena was "unreasonable," and constituted a "feeble" attempt to excuse non-compliance. See TXU Reply, p. 2. The TXU Reply draws no distinction between the scope of permissible discovery available from parties and non-parties to litigation. Instead, relying on Stewart v. Mitchell Transport, 2002 WL 1558210 (D. Kan.), TXU argues that it was "ANP's burden to establish" that the requested documents lacked relevance. See id. This argument contradicts TXU's other claim that ANP "is not in the position to determine what documents are relevant or reasonably calculated to lead to the discovery of relevant information." TXU Reply, pp. 6-7. Thus, to adopt TXU's position, a nonparty like

ANP would *never* be in a position to object to a Rule 45 subpoena. TXU's arguments lack merit, and they fail as a matter of law.

First, Rule 45 states unequivocally that "[a] party or an attorney responsible for the issuance of a subpoena [to a non-party] shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. Fed. R. Civ. P. 45(c)(1). Rule 45 protects non-parties from the full breadth of discovery that otherwise might be obtained from litigants to a case. The rule requires a balancing of the need for the requested information against the burdens imposed on nonparties. See Cusumano v. Microsoft Corp., 162 F.3d 708, 717 (1st Cir. 1998) (recognizing that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating" the reasonableness of a discovery demand); Heidelberg Americas, Inc. v. TKS, 333 F.3d 38, 41-42 (1st Cir. 2003); Addamax Corp v. Open Software Found., Inc., 148 F.R.D. 462, 468 (D. Mass. 1993); Blount International Ltd. v. Schuylkill Energy Resources, Inc., 124 F.R.D. 523, 526 (D. Mass. 1989). As a result, TXU was required to exhaust alternatives for obtaining the requested materials from parties in the Texas case before burdening ANP. See Hayworth, 998 F.2d at 978; The Bada Co. v. Montgomery Ward & Co., 32 F.R.D. 208, 209 (S.D. Cal. 1963). TXU has made no showing that it has met this requirement.

Second, as demonstrated in Stewart v. Mitchell Transport, a decision relied on by TXU, the TXU subpoena was overly broad, and invalid. In Stewart, the District Court refused to enforce a subpoena that was served on a defendant's current employer and three former employers, that requested "*all* records, documents or information in your possession *regarding* [defendant], *including but not limited to*, your complete personnel file, job application, job description and performance evaluations." Id. at * 3 (emphasis added). The Stewart Court

9

limited production to the items that were sufficiently specific in the subpoena – *i.e.*, defendant's

personnel file, job application, job description and performance evaluations. The <u>Stewart</u> Court

explained:

> [t]he use of such omnibus phrases as "regarding or *pertaining to*" requires the
> answering party to engage in mental gymnastics to determine what information may
> or may not be remotely responsive. The Court also finds the request overly broad on
> its face to the extent it commands the employers to produce "*all ... information*"
> *regarding* [Defendant].

<u>Id.</u> at * 4 (internal citations and quotation marks omitted) (emphasis added).

Under <u>Stewart</u>, TXU would not be entitled to any enforcement of the subpoena as

written. However, TXU has repeatedly rejected ANP's attempts to reach a compromise along

this line. TXU continues to insist that it "is entitled to the documents as requested in the

subpoena." <u>See</u> TXU Reply, p. 8 (emphasis in original). In its Reply, TXU argues that it is

entitled to William Murray's employment records, but ignores the fact that the subpoena

demands production of all ANP documents that concern Mr. Murray in any way. TXU *never*

agreed to limit the scope of its subpoena to Mr. Murray's employment file. TXU's Reply shows

that TXU is still unwilling to accept anything less than the universe of materials covered by its

subpoena.

## V.    <u>TXU IS NOT ENTITLED TO RECOVER COSTS OR COUNSEL FEES</u>

Finally, TXU argues that it is entitled to recover its costs and counsel fees because of

ANP's alleged "refusal [to produce documents] has forced [TXU] to expend time and resources

to seek the Court's intervention." TXU Reply, p. 5. This argument is without merit. Under

Rule 45, if a nonparty objects to a subpoena, the requesting party "shall not be entitled to inspect

and copy materials or inspect the premises except pursuant to an order of the court by which the

subpoena was issued." Fed. R. Civ. P. 45(c)(2)(B). Courts have consistently held that where, as

here, a nonparty objects to a subpoena under Rule 45, the nonparty cannot be ordered to reimburse the requesting party's costs or counsel fees unless the nonparty then defies a court order compelling production. See, e.g., Cruz v. Meachum, 159 F.R.D. 366, 368 (D. Conn. 1994) ("Before sanctions can be imposed under Fed. R. Civ. P. 45(e), there must be a court order compelling discovery."); see also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983) ("Having objected, Sunkist was not obligated to produce the subpoenaed documents, or even to search for them, until Pennwalt obtained an order directing compliance.").

Here, ANP promptly provided TXU with written objections to the October 30 and the January 13 subpoenas, and further the record shows it was ANP that has made continual efforts to compromise which TXU has rejected. Accordingly, TXU is barred from demanding recovery of any costs incurred in connection with its Motion to Comply. Instead, as shown in ANP's Objection, as a result of TXU's violation of the requirements of Local Rule 37.1 and Rule 45, ANP is entitled to recover its costs and attorney's fees incurred in responding to the Motion to Compel, as well as the TXU Reply.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

Dated: April 9, 2004

Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

I, Christopher H.M. Carter, counsel for ANP, hereby certify that on March 31, 2004, I conferred in good faith with Anita Bapooji, counsel for TXU, concerning this Motion, and that Attorney Bapooji advised that TXU does not assent to the Motion.

Christopher H.M. Carter

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent via first class mail this date to all counsel of record.

Christopher H.M. Carter

#480536

12

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY, ) | MISCELLANEOUS BUSINESS |
| ) | DOCKET NO. 04-MBD-10069 |
| *Plaintiff*, ) | |
| ) | (Related to Cause |
| v. ) | No. 3:03 CV-088P, U.S. District |
| ) | Court, Northern District of |
| TXU CORP. *et al.*, ) | Texas, Dallas Division) |
| ) | |
| *Defendants*. ) | |

## ANP'S MOTION FOR LEAVE TO FILE SURRELY MEMORANDUM

American National Power, Inc. ("ANP") respectfully moves pursuant to Local Rule 7.1

for leave to file the attached Surreply Memorandum to address new arguments and allegations in

the Reply Memorandum In Support of Motion to Compel (hereinafter "Reply") filed by the

Defendants TXU Corp., TXU Energy Company L.L.C., and TXU Portfolio Management

Company L.P. f/k/a TXU Energy Trading Company (collectively "TXU").  In support of this

Motion, ANP states as follows:

1.      TXU filed a motion to submit a Reply on March 26, 2004, and it refiled the

motion on March 31, 2004.[1]  The Court granted TXU leave to file the Reply on April 1, 2004.

2.      TXU's Reply raises various new arguments that misstate the factual record in this

case, as well as the legal standards applicable to TXU's Motion to Compel.  Chief among these

misstatements is TXU's unfounded and unsubstantiated allegation that ANP deliberately tried to

---

[1] The Reply was first filed with an Assented-To Motion in which TXU's counsel certified, inaccurately, that ANP
granted its unqualified assent to the filing of a Reply.  In correspondence and several phone conversations with
TXU's attorneys, ANP's counsel explained that ANP would assent to a Reply, provided TXU extended the same
courtesy to ANP in regard to a Surreply.  See April 9, 2004 Affidavit of Christopher H.M. Carter ("Carter Aff."),
Exhibit D.  TXU proceeded to file its Reply but, for reasons that remain unclear, it refused to assent to a Surreply.
Even after TXU filed its Reply on March 26, ANP again advised TXU's counsel that, notwithstanding any prior
confusion among counsel, ANP would assent to the Reply (thereby obviating the need for TXU to withdraw its
Assented-To Motion), if TXU assented to a Surreply.  Id.  TXU rejected this proposal.  Id., Exhibit E.

avoid service of process in December 2003, and – notwithstanding evidence of ANP's repeated

offers to compromise – that ANP failed to deal in good faith in responding to TXU's subpoena.

3.      ANP submits that that proposed Surreply Memorandum is necessary to both

respond to these allegations to clarify the factual record in this case, and to address other

arguments in the Reply concerning the legal standard governing the instant dispute.

4.      Accordingly, ANP respectfully requests that this Court grant ANP leave to file the

proposed Surreply Memorandum.

<div style="margin-left:40%">

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

</div>

Dated: April 9, 2004

## CERTIFICATION UNDER LOCAL RULE 7.1(A)(2)

I, Christopher H.M. Carter, counsel for ANP, hereby certify that on March 31, 2004, I
conferred in good faith with Anita Bapooji, counsel for TXU, concerning this Motion, and that
Attorney Bapooji advised that TXU does not assent to the Motion.

<div style="margin-left:40%">

Christopher H.M. Carter

</div>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by First Class U.S. Mail to all
counsel of record.

<div style="margin-left:40%">

Christopher H.M. Carter

</div>

#480469

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM J. MURRAY, | ) ) | MISCELLANEOUS BUSINESS DOCKET No. 04-MBD-10069 |
| *Plaintiff,* | ) ) | |
|  | ) ) ) ) | **(Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division)** |
| TXU CORP. *et al.,* | ) ) | |
| *Defendants.* | ) ) | |

## <u>MOTION TO STRIKE</u>

American National Power, Inc. ("ANP") respectfully moves for an order pursuant to Fed. R. Civ. P. 12(f) striking false statements from TXU's March 26, 2004 Reply Memorandum and the Supplemental Affidavit of Patricia S. Gill.  In support of this Motion, ANP relies on the accompanying Memorandum of Law, filed herewith.

WHEREFORE, ANP respectfully requests that this Honorable Court enter an order:

A.     Striking false statements from TXU's Reply Memorandum and the Supplemental Affidavit of Patricia S. Gill; and

B.     Granting such other relief as is just and proper.Directing TXU to reimburse ANP for its costs, including attorney's fees, incurred in bringing this Motion.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.

By its attorneys,

Dated: April 9, 2004

Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by First Class U.S. Mail to all counsel of record.

Christopher H.M. Carter

#481175

2

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM J. MURRAY, | ) ) | MISCELLANEOUS BUSINESS DOCKET No. 04-MBD-10069 |
| Plaintiff, | ) ) | |
|  | ) ) | (Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division) |
|  | ) ) | |
| TXU CORP. et al., | ) ) | |
| Defendants. | ) ) | |

MEMORANDUM OF LAW IN SUPPORT
OF ANP'S MOTION TO STRIKE

American National Power, Inc. ("ANP") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(f) to strike material false statements in TXU's Reply Memorandum in Support of Motion to Compel ("Reply"), and the Supplemental Affidavit of Patricia S. Gill.

## I.  STATEMENT OF FACTS

The facts giving rise to ANP's proposed Surreply Memorandum In Support Of Objection to Motion to Compel ("Surreply"), also filed on April 9, 2004. See Surreply, pp. 4-6. In summary, the Reply and accompanying Affidavit of Patricia Gill contain unsubstantiated allegations that ANP deliberately avoided service of process of a December 8, 2003 subpoena procured by TXU from this Court. Neither the Reply, nor the Gill Affidavit, identify a single specific fact to support these allegations. As shown in the Surreply, these allegations are false, they are not grounded in fact, and they reflect in improper attempt to prejudice ANP in the eyes of this Court.

## II.    **ARGUMENT**

Under Fed. R. Civ. P. 12(f), the District Court "has considerable discretion" to strike "any redundant, immaterial, impertinent or scandalous matter" from the record.

Courts have stricken allegations, and imposed sanctions under Rule 11, under circumstances closely analogous to those presented here.  For example, in <u>Alvarado-Morales v. Digital Equipment Corp.</u>, 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit affirmed the entry of an order imposing sanctions and striking language in a complaint containing "superfluous descriptions" that were immaterial to any substantive elements of a cause of action." <u>Alvarado-Morales</u>, 843 F.2d at 618.  There, plaintiffs' counsel filed a complaint containing highly inflammatory allegations concerning the conditions under which the plaintiffs were employed by the defendant. <u>Id.</u>  In affirming the District Court's order striking the offending language and imposing sanctions under Rule 11, the Circuit Court held that this outcome was justified by counsel's failure "to make reasonable efforts to ensure that the pleading he sign[ed] [was] grounded in fact." <u>Id.</u>; <u>see also</u> <u>Talbot v. Robert Matthews Distributing Co.</u>, 961 F. 2d 654, 664 (7th Cir. 1992) ("Rule 12(f) provides that . . . [a]llegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."); <u>citing</u> <u>Alvarado-Morales</u>, 843 F. 2d at 618; <u>Beck v. Cantor, Fitzgerald & Co.</u>, 621 F. Supp. 1547, 1565 (N.D. Ill. 1985); <u>and</u> <u>Gilbert v. Eli Lilly & Co.</u>, 56 F.R.D. 116, 120 n.7 (D.P.R. 1972).

The facts of this case are more egregious than in <u>Alvarado-Morales</u>, since the misrepresentations appear in both TXU's Reply memorandum, and an attorney affidavit filed in support of the Reply.  These documents contain the same, unsubstantiated allegations of bad faith conduct that cannot be supported by any plausible interpretation of the record.  As shown,

2

ANP did not "stonewall" TXU, it did not engage in any conduct suggesting "continued obstinacy," and there is not a shred of evidence to back up TXU's allegation that a "process server attempted numerous times to serve ANP," and was thwarted by ANP's "repeated avoidance of service of process." See Reply, pp. 5-6; Gill Affidavit, ¶3. As demonstrated above, and as the record shows, these allegations are neither true nor accurate, "nor grounded in fact." See Fed. R. Civ. P. 11(b). Accordingly, it is within this Court's discretion to strike the offending language.

<div align="center">**Conclusion**</div>

For the reasons set forth above, ANP's Motion to Strike should be granted.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.

By its attorneys,

Dated: April 9, 2004

_____
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

<div align="center">CERTIFICATE OF SERVICE</div>

I hereby certify that a copy of the foregoing was delivered by First Class U.S. Mail to all counsel of record.

_____
Christopher H.M. Carter

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff,*<br><br>v.<br><br>TXU CORP. *et al.,*<br><br>*Defendants.* | MISCELLANEOUS BUSINESS<br>DOCKET NO. 04-MBD-10069<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

## AFFIDAVIT OF CHRISTOPHER H.M. CARTER

I, Christopher H.M. Carter, having been duly sworn, hereby depose and state as follows:

1.      I am over the age of twenty-one, am competent to testify as a witness, and have personal knowledge of the facts set forth in this Affidavit.

2.      I am an attorney licensed to practice law in the Commonwealth of Massachusetts, and am in good standing with the Massachusetts bar.

3.      I am a partner with the law firm of Hinckley, Allen & Snyder LLP, 28 State Street, Boston, Massachusetts, which represents nonparty American National Power, Inc. ("ANP") in the above-captioned.

4.      Attached hereto as <u>Exhibit A</u> is a true and correct copy of a March 22, 2004 cover letter from Hinckley, Allen to TXU's counsel, Attorneys Patricia S. Gill, David C. Lonergan, and David P. Poole of the law firm Hunton & Williams LLP, 1601 Bryan Street, Dallas, Texas. The March 22 letter accompanied ANP's original Objection to TXU's Motion to Compel, dated March 22, 2004.

5.    Attached hereto as <u>Exhibit B</u> are true and correct copies of March 23, 2004 email correspondence that I directed to TXU's attorney, David Poole. Through this correspondence, I forwarded to Attorney Poole copies of ANP's original, March 22 Objection, as well as a corrected draft of the Objection filed on March 23.

6.    Attached hereto as <u>Exhibit C</u> is a true and correct copy of a March 31, 2004 letter that I directed to Anita B. Bapooji of the law firm of Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, MA, which is local counsel for TXU in the above-captioned matter.

7.    Attached hereto as <u>Exhibit D</u> is a true and correct copy of an April 1, 2004 letter that I received from Attorney Bapooji.

8.    Attached hereto as <u>Exhibit E</u> is a true and correct copy of a page from the web site of The Secretary of the Commonwealth of Massachusetts, William Francis Galvin, showing that ANP is a duly registered foreign corporation in the Commonwealth of Massachusetts with its principal office at 63 Forest Street, Suite 102, Marlborough, Massachusetts, and a registered Resident Agent also located at 63 Forest Street, Suite 102, Marlborough, Massachusetts.

Signed and sworn under the penalties of perjury this 9th day of April, 2004.

_____
Christopher H.M. Carter

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF SUFFOLK, ss.

On this 9th day of April, 2004, before me, the undersigned, personally appeared Christopher H.M. Carter, and executed the foregoing document for the purposes therein contained, by signing the name of himself.

_____
Notary Public Annette Rodriguez
My Commission Expires: ___9.11.2009___

#481172

# EXHIBIT A

# HinckleyAllenSnyder LLP
ATTORNEYS AT LAW

28 State Street
Boston, MA 02109-1775
TEL: 617.345.9000
FAX: 617.345.9020
www.haslaw.com
*Darin A. Day*

March 22, 2004

**VIA FIRST CLASS MAIL**
Patricia S. Gill, Esq.
David C. Lonergan, Esq.
David P. Poole, Esq.
Hunton & Williams, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201

Re:    William J. Murray v. TXU Corp., et al.

Dear Attorney Gill:

Enclosed please find copies of Non-Party American National Power, Inc.'s Opposition to TXU's Motion to Compel, Proposed Protective Order, Affidavit of Nona S. Pucciariello and Affidavit of David T. Musselman in the above referenced matter.

Very truly yours,

Darin A. Day

DAD/mjm
Enclosures

cc:    Christopher H.M. Carter, Esq.

#478823 v1

1500 Fleet Center, Providence, RI 02903-2393  TEL: 401.274.2000  FAX: 401.277.9600
43 North Main Street, Concord, NH 03301-4934  TEL: 603.225.4334  FAX: 603.224.8350

# EXHIBIT B

## Carter, Christopher H. M.

**From:**      Carter, Christopher H. M.
**Sent:**      Tuesday, March 23, 2004 10:18 AM
**To:**        'dpoole@hunton.com'
**Subject:**   TXU/ANP: Opposition

David: As discussed, I'm emailing ANP's Opposition.  Please give me a call, if possible this morning. Thank you.  Chris
Carter.

Hinckley, Allen & Snyder
28 State Street
Boston, MA  02109
(617) 345-9000 x4518
(617) 345-9020 fax



ANPTXU Opp. to
TXU_v1.DOC (136...

1

**Carter, Christopher H. M.**

| | |
|---|---|
| **From:** | Carter, Christopher H. M. |
| **Sent:** | Tuesday, March 23, 2004 11:16 AM |
| **To:** | 'dpoole@hunton.com' |
| **Subject:** | Revised Opposition |

David: Here is the corrected document.  If I can get a redlined document prepared, I'll sent that in a moment.  Otherwise, I'd be happy to explain orally where corrections have been made. Thank you. Chris Carter.



ANPTXU Opp. to
TXU_v1.DOC (139...

1

# EXHIBIT C



# The Commonwealth of Massachusetts
# William Francis Galvin

Secretary of the Commonwealth
One Ashburton Place, Boston, Massachusetts 02108-1512
Telephone: (617) 727-9640

---

## *AMERICAN NATIONAL POWER, INC.* Summary Screen

☑ Help with this form

Request a Certificate

**The exact name of the Foreign Corporation:** AMERICAN NATIONAL POWER, INC.

**Entity Type:** Foreign Corporation

**Identification Number:** 760033497

**Old Federal Employer Identification Number (Old FEIN):** 000000000

**Date of Registration in Massachusetts:** 08/31/1995

**The is organized under the laws of:** State: DE  Country: USA  on: 09/21/1982

**Current Fiscal Month / Day:** 12 / 31         **Previous Fiscal Month / Day:** 03 / 31

**The location of its principal office:**
No. and Street: 62 FOREST ST., SUITE 102
City or Town: MARLBOROUGH    State: MA   Zip: 77024   Country: USA

**The location of its Massachusetts, if any:**
No. and Street: 62 FOREST ST., SUITE 102
City or Town: MARLBOROUGH    State: MA   Zip: 01752   Country: USA

**The name and address of the Resident Agent:**
Name: IAN W. NUTT
No. and Street: 62 FOREST ST., SUITE 102
City or Town: MARLBOROUGH    State: MA   Zip: 01752   Country: USA

**The officers and all of the directors of the corporation:**

| Title | Individual Name<br>First, Middle, Last, Suffix | Address (no PO Box)<br>Address, City or Town, State, Zip Code | Expiration of Term |
|---|---|---|---|
| PRESIDENT | IAN W. NUTT | 62 FOREST ST., SUITE 102<br>MARLBOROUGH, MA 01752 USA | NONE |
| TREASURER | BARRY R. BRITS | | NONE |

| | | 62 FOREST ST., SUITE 102<br>MARLBOROUGH, MA 01752 USA | |
|---|---|---|---|
| CLERK | UNKNOWN UNKNOWN | | NONE |
| | | NONE<br>NONE, MA 00000 USA | |
| DIRECTOR | IAN W. NUTT | | NONE |
| | | 62 FOREST ST., SUITE 102<br>MARLBOROUGH, MA 01752 USA | |
| DIRECTOR | DAVID CRANE | | NONE |
| | | SENATOR HOUSE QUEEN VICTORIA ST.<br>LONDON UK EC4V 4DP, GBR | |
| DIRECTOR | DAVID T. MUSSELMAN | | NONE |
| | | 62 FOREST ST., SUITE 102<br>MARLBOROUGH, MA 01752 USA | |

**business entity stock is publicly traded:**  __

**The total number of shares and par value, if any, of each class of stock which the business entity is authorized to issue:**

| Class of Stock | Par Value Per Share<br>Enter 0 if no Par | Total Authorized by Articles<br>of Organization or Amendments<br>*Num of Shares     Total Par Value* | Total Issued<br>and Outstanding<br>*Num of Shares* |
|---|---|---|---|
| No Stock Information available online. Prior to August 27, 2001, records can be obtained on microfilm. | | | |

__ Consent        __ Manufacturer        __ Confidential Data        __ Does Not Require Annual Report

__ Partnership        __ Resident Agent        __ For Profit               __ Merger Allowed

**Select a type of filing from below to view this business entity filings:**

```
ALL FILINGS
Amended Foreign Corporations Certificate
Annual Report
Annual Report - Professional
Articles of Consoldation - Foreign and Unregistered Foreign
```

[ View Filings ]   [ New Search ]

| Comments |
|---|
| |

© 2001 - 2004 Commonwealth of Massachusetts<br>All Rights Reserved

Help

**EXHIBIT D**

# HinckleyAllenSnyder LLP
### ATTORNEYS AT LAW

43 North Main Street
Concord, NH 03301-4934
TEL: 603.225.4334
FAX: 603.224.8350
www.haslaw.com

*Christopher H.M. Carter*
ccarter@haslaw.com

March 31, 2004

By Facsimile (617-248-7100)
 Original By Regular Mail
Anita B. Bapooji, Esq.
Testa, Hurwitz, & Thibeault, LLP
125 High Street
Boston, MA 02110

**Re:    William J. Murray v. TXU Corp. et al.**

Dear Attorney Bapooji:

I am sending this letter to confirm ANP's position with regard to TXU's desire to file a reply memorandum in this matter.

As I explained during our telephone conversation this morning, and had stated to Laura Stock on March 24, 2004, ANP will assent to the filing of a reply memorandum, provided TXU extends the same courtesy to ANP and assents to the filing of a surreply memorandum. Despite the fact that TXU has, to date, refused to assent to a surreply memo, the company on March 26 filed a pleading which certified that ANP assented to motion for a reply.

I do not believe that my discussion with Attorney Stock left any room for misunderstanding that ANP's ability to assent to a reply memo was predicated on TXU showing reciprocal cooperation to ANP concerning a surreply. With TXU now objecting to a surreply memo, its representation to the District Court that the parties assented to a reply memo, is inaccurate.

If TXU reconsiders its position as to a surreply, ANP remains willing to provide its assent to a reply memo. I urge TXU to pursue this approach, which at a minimum will spare the District Court the time and annoyance of processing additional pleadings. I submit that the approach also would be a positive step towards establishing a greater spirit of cooperation which could be valuable in promoting efforts to reach an acceptable resolution of this discovery dispute.

**HinckleyAllenSnyder**LLP
ATTORNEYS AT LAW

Anita B. Bapooji, Esq.
March 31, 2004
Page 2

Please do not hesitate to call me if you would like to discuss this matter.

Sincerely,

*Christopher HM Carter/smg*

Christopher H.M. Carter

CHMC/smg

cc:     Nona Pucciariello, Esq.
#479989

# HinckleyAllenSnyderLLP
ATTORNEYS AT LAW

43 NORTH MAIN STREET □ CONCORD, NEW HAMPSHIRE 03301
603-225-4334 □ FAX 603-224-8350 □ www.haslaw.com

# FACSIMILE TRANSMITTAL SHEET

FROM:    **Christopher H.M. Carter, Esq.**

DATE:    **March 31, 2004**

NUMBER OF PAGES TRANSMITTED
(INCLUDING COVER SHEET)

| 3 |

If you did not receive the indicated number of pages or if any pages are
illegible, please call us immediately at: **(603) 225-4334**

## CONFIDENTIALITY NOTICE

This facsimile transmission and the accompanying documents
contain legally privileged confidential information.   The
information is intended only for the use of the recipient
named below.  If you are not an intended recipient, you are
hereby notified that any disclosure, copying, distribution, or
exploitation of, or the taking of any action in reliance on, the
contents of this facsimile is strictly prohibited.  If you have
received this facsimile in error, please notify us immediately
by telephone to arrange for the return of the original
documents to us at our expense.

TO:    **Anita Bapooji, Esq.**

FIRM:

RE:

PHONE
NUMBER:

FAX
NUMBER:    **617-248-7100**

□ URGENT    □ PER OUR DISCUSSION    □ AS REQUESTED    □ PLEASE CALL TO DISCUSS    □ PLEASE SEE BELOW

NOTES/COMMENTS:

Please see attached.

43 NORTH MAIN STREET, 2ND FLOOR □ CONCORD, NEW HAMPSHIRE 03301 □ 603-225-4334 □ FAX 603-224-8350
1500 FLEET CENTER □ PROVIDENCE, RHODE ISLAND 02903-2393 □ 401-274-2000 □ FAX 401-277-9600
28 STATE STREET □ BOSTON, MASSACHUSETTS 02109-1775 □ 617-345-9000 □ FAX 617-345-9020

TRANSMISSION VERIFICATION REPORT

TIME : 03/31/2004 15:38

| | |
|---|---|
| DATE,TIME | 03/31 15:37 |
| FAX NO./NAME | 16172487100 |
| DURATION | 00:00:49 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

# HinckleyAllenSnyderLLP
ATTORNEYS AT LAW

43 NORTH MAIN STREET □ CONCORD, NEW HAMPSHIRE 03301
603-225-4334 □ FAX 603-224-8350 □ www.haslaw.com

# FACSIMILE TRANSMITTAL SHEET

FROM:    **Christopher H.M. Carter, Esq.**

DATE:    **March 31, 2004**

NUMBER OF PAGES TRANSMITTED
(INCLUDING COVER SHEET)                | **3** |

If you did not receive the indicated number of pages or if any pages are illegible, please call us immediately at: **(603) 225-4334**

### CONFIDENTIALITY NOTICE

This facsimile transmission and the accompanying documents contain legally privileged confidential information. The information is intended only for the use of the recipient named below. If you are not an intended recipient, you are hereby notified that any disclosure, copying, distribution, or exploitation of, or the taking of any action in reliance on, the contents of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us immediately by telephone to arrange for the return of the original documents to us at our expense.

TO:    **Nona Pucciariello, Esq.**

FIRM:

RE:

PHONE
NUMBER:

FAX
NUMBER:    **508-382-9400**

□ URGENT    □ PER OUR DISCUSSION    □ AS REQUESTED    □ PLEASE CALL TO DISCUSS    □ PLEASE SEE BELOW

NOTES/COMMENTS:

Please see attached.

43 NORTH MAIN STREET, 2ND FLOOR □ CONCORD, NEW HAMPSHIRE 03301 □ 603-225-4334 □ FAX 603-224-8350
1500 FLEET CENTER □ PROVIDENCE, RHODE ISLAND 02903-2393 □ 401-274-2000 □ FAX 401-277-9600
28 STATE STREET □ BOSTON, MASSACHUSETTS 02109-1775 □ 617-345-9000 □ FAX 617-345-9020

TRANSMISSION VERIFICATION REPOR.

TIME : 03/31/2004 16:35

| | |
|---|---|
| DATE,TIME | 03/31 16:34 |
| FAX NO./NAME | 15083829400 |
| DURATION | 00:00:46 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

**EXHIBIT E**

TESTA, HURWITZ & THIBEAULT, LLP

ATTORNEYS AT LAW

OFFICE (617) 248-7000

Direct Dial (617) 248-7040

125 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2704

Fax (617) 248-7100

RECEIVED
APR 2 2004
HINCKLEY, ALLEN &
E-Mail SNYDER@tht.com

April 1, 2004

**By Facsimile and First Class Mail**

Christopher H. M. Carter, Esq.
Hinckley, Allen Snyder, LLP
28 State Street
Boston, MA 02109

     RE:    William J. Murray v. TXU Corp., et al., Misc. Business. Docket
              No. 04-MBD-10069, related to Cause No. 3:03CV-0888P (N.D. Tex., Dallas
              Division)

Dear Mr. Carter:

     I am writing in response to your letter dated March 31, 2004 to confirm Defendants'
position with regard to the assent provided for their motion for leave to file a reply brief.

     As you may recall, you contacted Defendants' counsel, David Poole, after the filing
deadline for ANP's opposition had passed, to request his assent for ANP to file a corrected
version of that brief. Mr. Poole assented to that request. Then on March 24, 2004, again after
the filing deadline for ANP's opposition had passed, you contacted Defendants' local counsel,
Testa, Hurwitz & Thibeault attorney Laura Stock, to request Defendants' assent to file a motion
to substitute several pages of the affidavit of Ms. Pucciariello. Ms. Stock indicated that
Defendants would assent if ANP would assent to Defendants filing a reply brief. You agreed
and gave your assent. You then asked whether Defendants would assent to ANP filing a
surreply. Ms. Stock indicated to you that she could not agree to a surreply, that she would have
to speak to Defendants' lead counsel and that she would call you back. At the conclusion of
your call with Ms. Stock, she again confirmed with you that ANP assented to Defendants filing a
reply brief. At no time during your conversation with Ms. Stock did you indicate that ANP's
assent to Defendants filing a reply brief was conditional on receiving Defendants' assent for a
surreply. Later that day, ANP filed an Assented-To Motion to Correct Record (i.e., to correct the
Pucciariello affidavit) noting that Ms. Stock assented to that motion. Defendants had provided
such assent with the understanding that ANP assented to Defendants filing a reply brief.

     On March 26, 2004, Ms. Stock left you a voicemail informing you that Defendants would
not assent to a surreply. You and I then spoke on March 30, 2004 and you indicated your
position that ANP had never assented to Defendants' reply brief but rather that such assent was
conditional on receiving Defendants' assent for ANP to file a surreply. This is inconsistent with
the position you took on March 24th when you had received Defendants' assent to file a corrected
affidavit in exchange for ANP's assent for a reply brief. Nevertheless, we filed a revised motion

TESTA, HURWITZ & THIBEAULT, LLP

Christopher H.M. Carter, Esq.
April 1, 2004
Page 2

for leave to replace the assented-to motion for leave to file a reply that had been filed on March 26, 2004.

While I understand that you are now willing to assent to the filing of a reply brief by Defendants if we assent to the filing of a surreply by ANP, as I mentioned to you yesterday, Defendants are not willing to assent to a surreply. Defendants have extended several courtesies to you and your client to allow the substitution of briefing, and Defendants are not willing to assent to a surreply which will only prolong the briefing process on a motion to compel that is fully briefed and is now properly before the District Court.

Very truly yours,

Anita B. Bapooji

cc:    Patricia S. Gill, Esq. (via First Class U.S. mail)

3046922_1

UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| WILLIAM J. MURRAY, | ) | MISCELLANEOUS BUSINESS DOCKET |
|  | ) |  |
| *Plaintiff,* | ) |  |
|  | ) | (Related to Cause |
|  | ) | No. 3:03 CV-088P, U.S. District |
|  | ) | Court, Northern District of |
|  | ) | Texas, Dallas Division) |
| TXU CORP. *et al.*, | ) |  |
|  | ) |  |
| *Defendants.* | ) |  |
|  | ) | Civil Action No. |

### AFFIDAVIT OF TAMMY L. LAPORTE

I, Tammy L. LaPorte, testify and declare the following under penalty of perjury:

1.      My name is Tammy L. LaPorte. I am over the age of twenty-one, am competent to testify as a witness, and have personal knowledge of the facts set forth in this Affidavit.

2.      I am the Office Manager of American National Power, Inc. ("ANP").  Since June 16, 2003, ANP's office has been located at 62 Forest Street, Suite 102, Marlborough, Massachusetts 01752.  As Office Manager, I am responsible for handling incoming telephone calls, and for assisting visitors to the ANP office.

3.      The ANP office is designed as an open plan.  My desk is located approximately seventeen feet from the front entrance to the office.  In addition, my office is directly in front of a large, twelve-foot wide glass window located at the front entrance.  Accordingly, my desk is clearly visible to any visitors who arrive at the ANP office.

4.      My work schedule during the period September 15, 2003 through December 31, 2003 provided that I was present at ANP's office on Mondays and Tuesdays, and Thursdays and

Fridays. On Wednesdays, when I was not at the office, office tasks are shared amongst available employees.

5.      When visitors arrive at the ANP office, a telephone at the front entrance with a directory of all employees is available for them to summon me, anyone else filling in for me, or any employee located at the ANP office. When visitors arrive at the ANP office to deliver a subpoena or other legal document, it is my practice to direct them to ANP's in-house legal counsel.

6.      Between December 8, 2003, and January 13, 2004, the ANP office was open on all business days, i.e., Mondays through Fridays, with the exception of December 24 and 25, 2004, and January 1, 2004. Other than Wednesdays, I worked all business days that the ANP office was open during this period, with the exception of December 29, 2003 and January 12 and 13, 2004.

7.      Between December 8, 2003, and January 13, 2004, on no occasion when I was on duty at my desk did anyone arrive at the ANP office to serve or attempt to serve a subpoena. In addition, I have made inquiries of those persons who typically provide cover for me at times when I am not on duty, and they advised that they did not know of any service or attempted service of a subpoena by any person at ANP's office during this time period.

<div align="center">SIGNATURE PAGE FOLLOWS</div>

<div align="center">2</div>

_Tammy L. LaPorte_

Tammy L. LaPorte

COMMONWEALTH OF MASSACHUSETTS
COUNTY OF  MIDDLESEX

    Sworn to before me this 8th day of April, 2004.

Notary Public

My Commission Expires:  10/8/2010

DAVID T. MUSSELMAN
Notary Public
Commonwealth of Massachusetts
My Commission Expires Oct 8, 2010

3