UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff,*<br><br><br><br>TXU CORP. *et al.*,<br><br>*Defendants.* | MISCELLANEOUS BUSINESS<br>DOCKET No. 04-MBD-10069<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

## MEMORANDUM OF LAW IN SUPPORT
## OF ANP'S MOTION TO STRIKE

American National Power, Inc. ("ANP") respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(f) to strike material false statements in TXU's Reply Memorandum in Support of Motion to Compel ("Reply"), and the Supplemental Affidavit of Patricia S. Gill.

### I. STATEMENT OF FACTS

The facts giving rise to ANP's proposed Surreply Memorandum In Support Of Objection to Motion to Compel ("Surreply"), also filed on April 9, 2004. See Surreply, pp. 4-6. In summary, the Reply and accompanying Affidavit of Patricia Gill contain unsubstantiated allegations that ANP deliberately avoided service of process of a December 8, 2003 subpoena procured by TXU from this Court. Neither the Reply, nor the Gill Affidavit, identify a single specific fact to support these allegations. As shown in the Surreply, these allegations are false, they are not grounded in fact, and they reflect in improper attempt to prejudice ANP in the eyes of this Court.

II. **ARGUMENT**

Under Fed. R. Civ. P. 12(f), the District Court "has considerable discretion" to strike "any redundant, immaterial, impertinent or scandalous matter" from the record.

Courts have stricken allegations, and imposed sanctions under Rule 11, under circumstances closely analogous to those presented here. For example, in Alvarado-Morales v. Digital Equipment Corp., 843 F.2d 613, 618 (1st Cir. 1988), the First Circuit affirmed the entry of an order imposing sanctions and striking language in a complaint containing "superfluous descriptions" that were immaterial to any substantive elements of a cause of action." Alvarado-Morales, 843 F.2d at 618. There, plaintiffs' counsel filed a complaint containing highly inflammatory allegations concerning the conditions under which the plaintiffs were employed by the defendant. Id. In affirming the District Court's order striking the offending language and imposing sanctions under Rule 11, the Circuit Court held that this outcome was justified by counsel's failure "to make reasonable efforts to ensure that the pleading he sign[ed] [was] grounded in fact." Id.; see also Talbot v. Robert Matthews Distributing Co., 961 F. 2d 654, 664 (7th Cir. 1992) ("Rule 12(f) provides that . . . [a]llegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice."); citing Alvarado-Morales, 843 F. 2d at 618; Beck v. Cantor, Fitzgerald & Co., 621 F. Supp. 1547, 1565 (N.D. Ill. 1985); and Gilbert v. Eli Lilly & Co., 56 F.R.D. 116, 120 n.7 (D.P.R. 1972).

The facts of this case are more egregious than in Alvarado-Morales, since the misrepresentations appear in both TXU's Reply memorandum, and an attorney affidavit filed in support of the Reply. These documents contain the same, unsubstantiated allegations of bad faith conduct that cannot be supported by any plausible interpretation of the record. As shown,

ANP did not "stonewall" TXU, it did not engage in any conduct suggesting "continued obstinacy," and there is not a shred of evidence to back up TXU's allegation that a "process server attempted numerous times to serve ANP," and was thwarted by ANP's "repeated avoidance of service of process." See Reply, pp. 5-6; Gill Affidavit, ¶3. As demonstrated above, and as the record shows, these allegations are neither true nor accurate, "nor grounded in fact." See Fed. R. Civ. P. 11(b). Accordingly, it is within this Court's discretion to strike the offending language.

## Conclusion

For the reasons set forth above, ANP's Motion to Strike should be granted.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.

By its attorneys,

Dated: April 9, 2004

_____
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was delivered by First Class U.S. Mail to all counsel of record.

_____
Christopher H.M. Carter