UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY, </br></br>Plaintiff, </br></br>v. </br></br>TXU CORP., *et al.* </br></br>Defendants. | CASE NO. 04-MBD-10069 (NG) </br></br>(Related to Cause </br>No. 3:03 CV-088P, U.S. District </br>Court, Northern District of Texas, </br>Dallas Division) |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO ANP'S MOTION TO STRIKE

Defendants TXU Corp., TXU Energy Company LLC and TXU Portfolio Management Company LP respectfully submit this Memorandum in Opposition to American National Power's ("ANP's") Motion to Strike under Federal Rule of Civil Procedure 12(f) ("Motion"):

I. ANP'S MOTION SHOULD BE DENIED BECAUSE RULE 12(F) MOTIONS TO STRIKE APPLY ONLY TO "PLEADINGS" AS DEFINED IN RULE 7(A), WHICH DOES NOT INCLUDE REPLY MEMORANDA AND SUPPORTING AFFIDAVITS.

ANP's Motion requests that the Court strike statements from: (1) Defendants' Reply Memorandum in Support of Their Motion to Compel and (2) supporting Affidavit of Patricia S. Gill. Rule 12(f) is inapplicable to such documents and, accordingly, ANP's Motion should be denied.

Rule 12(f) provides that a "court may order stricken from any *pleading* any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f) (emphasis added). Rule 7(a) of the Federal Rules of Civil Procedure defines "pleading" as a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, a third-party complaint, or a third-party answer. Fed. R. Civ. P. 7(a). Rule 7(a) explicitly excludes everything

else from its definition of a pleading. *Id.*; *Phinney v. Paulshock*, 181 F.R.D. 185, 207 (D.N.H. 1998) (citing *Pilgrim v. Trustees of Tufts College*, 118 F.3d 864, 868 (1st Cir. 1995) ("Rule 12(f) applies only to pleadings and has no applicability to motions made in pursuit of or in opposition to summary judgment.")). *See Imperial House Motel v. Trident Fin. Corp.*, Case No. 93-61004, 1997 Bankr. LEXIS 996, *12 (N.D. Ohio May 29, 1997) (unpublished opinion) (denying motion to strike because a "Rule 12(f) motion cannot be used to strike affidavits, parties, or any other matter not contained in the actual pleadings") (citing *Wimberly v. Clark Controller Co.*, 364 F.2d 225, 227 (6th Cir. 1996)).

Consequently, Rule 12(f) is inapplicable to Defendants' Reply Memorandum and supporting Affidavit, and ANP's Motion should be denied. *Stow v. Peterson*, 204 F. Supp. 2d 40, 43 (D.Me. 2002) (denying motion to strike allegations in a motion for sanctions and supporting memorandum because such documents are not pleadings under Rule 7(a) and, thus, the motion to strike was improper); *VanDanacker v. Main Motor Sales Co.*, 109 F. Supp. 2d 1045, 1047 (D. Minn. 2000) (denying motion to strike allegations in a memorandum in opposition to motion for attorneys' fees because such document is not a pleading under Rule 7(a) and, thus, the motion to strike was improper); *Phinney*, 181 F.R.D. at 207 (denying Rule 12(f) motion to strike allegations in a motion for sanctions and supporting memorandum because such documents are not pleadings under Rule 7(a) and, thus, the motion to strike was improper); *Estel v. Internal Revenue Service*, CV-S-94-778-DWH, 1995 U.S. Dist. LEXIS 7006, *1-2 (D. Nev. May 11, 1995) (unpublished opinion) (denying motion to strike allegations in a motion to dismiss because such document is not a pleading under Rule 7(a) and, thus, the motion to strike was improper). Indeed, each of the four cases cited by ANP involved motions to strike allegations in the respective plaintiffs' *complaints* or the defendant's *answer,* which are clearly covered by Rule 12(f)—unlike reply memoranda or affidavits. *See* Fed. R. Civ. P. 7(a).

Accordingly, because Rule 12(f) is inapplicable to Defendants' Reply Memorandum and supporting affidavit, ANP's Motion is improper and should be denied.

## II. THERE IS NO BASIS FOR STRIKING THE STATEMENTS IN DEFENDANTS' REPLY MEMORANDUM AND SUPPORTING AFFIDAVIT.

Even if the Court ignores the inapplicability of ANP's Rule 12(f) Motion in this matter and reviews the Motion on the merits, the Motion should be denied because the statements of which ANP complains are factually-based and are not "redundant, immaterial, impertinent or scandalous" under Rule 12(f).

### A. MOTIONS TO STRIKE ARE VIEWED AS DILATORY MEASURES AND ARE DISFAVORED BY THE COURTS.

Motions to strike are viewed as mere dilatory measures and are disfavored by the courts. *FDIC v. Gladstone*, 44 F. Supp. 2d 81, 84-85 (D. Mass. 1999) (motions to strike are generally disfavored); *Bio-Vita, Ltd. v. Rausch*, 759 F. Supp. 33, 39 (D. Mass. 1991) (same); *Mastrocchio v. Unnamed Supervisor Special Inv. Unit*, 152 F.R.D. 439, 440 (D.R.I. 1993) ("[n]ot favored because of their dilatory character and tendency to create piecemeal litigation, motions to strike are often denied even when technically correct and well-founded"); *Strong v. Quinn*, Civil Action 82-0173-MA, 1982 U.S. Dist. LEXIS 12845, *2-3 (D. Mass. May 20, 1982) (unpublished opinion) ("because motions to strike… are not favored, often being considered 'time wasters' they usually will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties"). In general, "unless matters are prejudicial as well as redundant, immaterial, impertinent, or scandalous, a motion to strike such allegations will **not** be granted." *Salomon S.A. v. Alpina Sports Corp.*, 737 F.Supp. 720, 726 (D.N.H. 1990) (emphasis added).

### B. THE STATEMENTS ANP SEEKS TO STRIKE ARE FACTUAL, NON-PREJUDICIAL AND NOT IMPROPER UNDER RULE 12(F).

ANP contends that the following statements should be stricken from Defendants' Reply Memorandum and supporting affidavit: "Dec. 8, 2003: "Subpoena issued from this Court. The process server attempted numerous times to serve ANP, but ANP avoided service of process. Due to ANP's repeated avoidance of service of process, subpoena became outdated." Such statements are factually based, non-prejudicial and not improper under Rule 12(f). Accordingly, ANP's Motion should be denied.

ANP contends the statements regarding service of process are "false, not grounded in fact" and "reflect[s] in [sic] improper attempt to prejudice ANP in the eyes of this Court." ANP's Memorandum of Law in Support of ANP's Motion to Strike at 1. ANP's contention is unsupportable on all three points. As set forth in the attached affidavits (Exhibits A-D), the firm of Francis J. Trapasso & Associates attempted to serve ANP's Registered Agent, Mr. Ian Nutt, with the subpoena on at least eight occasions between December 15, 2003 and January 15, 2004. Affidavit of Francis J. Trapasso, Exhibit A, ¶¶ 2-11. Constable Tomasz Kruszewski with Francis J. Trapasso & Associates attempted service on Mr. Nutt at ANP's offices six times and at what he believed to be Mr. Nutt's residence one time; Constable Barbara Smith attempted service on Mr. Nutt at ANP's offices one time. Exhibit A, ¶¶ 5-11. At ANP's offices, Mr. Kruszewski was told that Mr. Nutt was unavailable.[1] Exhibit A, ¶¶ 5-11. When Mr. Kruszewski attempted service at Mr. Nutt's home, there was no answer and his voicemail was not returned. Exhibit A, ¶ 10. Thus, due to the unavailability of ANP's Registered Agent, ANP was able to avoid service of process and the subpoena became outdated. Defendants' Reply Memorandum at 5-6.

---

[1] After attempting service on Mr. Nutt on five occasions, Mr. Kruszewski was told Mr. Nutt had been out of the office due to surgery. (Exhibit A).

4

Accordingly, it was reissued and was served on ANP on January 15, 2004. Defendants' Reply Memorandum at 5-6; Exhibit A, ¶ 11. Counsel for Defendants was made aware of the attempts to serve ANP and the fact that it was able to avoid service. Affidavit of Courtney LeClaire, Exhibit B, ¶¶ 1-8, Affidavit of Helen Muncaster, Exhibit C, ¶¶ 1-8; Affidavit of Patricia S. Gill, Exhibit D, ¶¶ 1-6. ANP's contention that Defendants' statements are false is simply without merit.

Moreover, the cases cited by ANP in support of its Motion are clearly distinguishable from the facts at issue here. First, the motions to strike in those cases were proper under Rule 12(f) because they sought to strike allegations contained in the respective plaintiffs' complaints or the defendant's answer, which are "pleadings" under Rule 7(a). Unlike those cases, ANP seeks to strike statements in a reply memorandum and supporting affidavit, which are not "pleadings" under Rule 7(a).

Furthermore, the nature of the allegations in those cases was vastly different than the factual statements at issue here. *See Alvarado-Morales, et al. v. Digital Equipment Corp., et al.*, 843 F.2d 613, 615 (1st Cir. 1988) (allegations that the defendants "tortured," "brainwashed," and confined the plaintiffs in a "concentration camp" atmosphere); *Talbot, et al. v. Robert Matthews Distributing Company, et al.*, 961 F.2d 654, 665 (7th Cir. 1992) (allegations that the defendant intentionally caused a salmonella outbreak—causing death and injuries among numerous consumers—as part of a scheme against the plaintiffs). ANP's attempt to liken unsupported accusations of "torturing," brainwashing," confining others to a "concentration camp" and maliciously causing a fatal salmonella outbreak to statements regarding service of process is factually and legally unsound.

Not only are Defendants' statements regarding attempts to serve ANP and ANP's avoidance of service factually based and non-prejudicial, they were not made with improper

5

intent. The statements were included in the chronology of events leading up to the filing of Defendants' motion to compel to explain to the Court why a third subpoena had to be issued. *See* Defendants' Reply Memorandum at 5-6. Because the attempts at serving ANP's Registered Agent from December 15, 2003 to January 15, 2004 were unsuccessful, the subpoena became outdated and had to be re-issued with a new date for production of documents. Defendants' Reply Memorandum at 5-6. The statements were not made with an intent to prejudice ANP or cast it in a negative light. Defendants made no allegation that ANP intentionally or maliciously thwarted or evaded service of the subpoena, or that ANP had any improper motive whatsoever. Rather, Defendants' statements were made based on the fact that ANP's Registered Agent was repeatedly unavailable when attempts at service were made, and thus, ANP avoided service of process.

For all of the reasons set forth above, Defendants respectfully request that the Court deny ANP's Motion to Strike.

Dated: April 26, 2004

Respectfully submitted,

**TXU CORP., TXU ENERGY COMPANY LLC AND TXU PORTFOLIO MANAGEMENT COMPANY LP F/K/A TXU ENERGY TRADING COMPANY LP**

By Their Attorneys

_/s/ Laura M. Stock_
Anita B. Bapooji (BBO #644657)
Laura M. Stock (BBO #652276)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA 02110
(617) 248-7000

David C. Lonergan (Texas Bar No. 12513500)
David P. Poole (Texas Bar No. 16123750)
Patricia S. Gill (Texas Bar. No. 24007238)
HUNTON & WILLIAMS, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas Texas 75201
(214) 979-3029

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on April 26, 2004.

_/s/ Laura M. Stock_
Laura M. Stock

3058159_1