# Wise, Bob

| | |
|---|---|
| From: | Wise, Bob |
| Sent: | Tuesday, August 10, 2004 2:33 PM |
| To: | 'ccarter@haslaw.com' |
| Cc: | Gill, Patty; 'dpoole@txu.com'; 'bapooji@tht.com' |
| Subject: | Subpoena for American National Power, Inc. in Murray v. TXU Corp., et al. |

Chris - per our discussion, attached is the deposition notice that we intend to serve on Plaintiff's attorney, which will then be turned into a subpoena duces tecum and served on American National Power, Inc. (ANP). As I've mentioned, we believe it is imperative that we depose ANP as soon as possible and given the unexpected delay in obtaining a ruling on our motion to compel, we intend to subpoena ANP's deposition. In addition, because we believe a deposition without ANP's documents, would be less productive, the notice contains (any the subpoena will contain) a document request. You'll note that, even though I believe the original subpoena was proper, the attached has slightly more specific document requests in an effort to accomodate ANP's objections to the earlier subpoena.

As I also mentioned, I wanted to provide you with the notice before serving a subpoena on ANP as a courtesy so that it can provide me with some dates for a deposition that are convenient for it and with the hope that, if ANP agrees to appear for the deposition and produce the requested documents, we can moot the pending motion to compel. Consequently, I'd appreciate it if you'd review the attached with ANP and let me know if it is willing to produce one or more witnesses to testify about the identified subject matters and to produce the requested documents.

Based on our discussions, it is my understanding that ANP will review the attached and you'll let me know its positon tomorrow. I also understand that ANP wants my clients to pay its costs incurred in connection with the motion to compel before agreeing to attend the deposition and produce documents. As I told you, there's no reason to present that request to my clients unless I'm assured that ANP is willing to comply with the subpoena.

If ANP has substantial and intractable objections to the notice, please so advise me. In such an event, I believe the best course of action would be for us to serve the subpoena and then once it is served confer in an effort to resolve ANP's objections before you either file a motion for protection or we file a motion to compel. I sincerely hope that we'll be able to resolve any dispute so we can promptly depose ANP and obtain its documents.



DALLAS-120363-v1
-Notice of Dep...

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM J. MURRAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:03-CV-088P |
| | § | |
| TXU CORP., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' NOTICE FOR THE ORAL DEPOSITION OF
## AMERICAN NATIONAL POWER, INC.

TO: Plaintiff William J. Murray, by and through his attorney, Hal Gillespie, Gillespie, Rozen Watsky & Motley, P.C., 3402 Oak Grove Ave, Suite 200, Dallas, Texas 75204.

Please take notice that Defendants TXU Corp., TXU Energy Company LLC, and TXU Portfolio Management Company LP will take the oral deposition of American National Power, Inc. (ANP) on August ___, 2004, at the offices of Testa, Hurwitz & Thibeault, LLP, 125 High Street, Boston, Massachusetts 02110. The deposition will be recorded both stenographically and by videotape. The subject matters about which ANP will be deposed are set forth in Exhibit A hereto. Pursuant to Federal Rule of Civil Procedure 30(b)(6), ANP, a reasonable time before its deposition, is to serve a written response to this notice which designates one or more persons to testify on its behalf and which sets forth, for each designated person, the matters on which he or she will testify. In addition, ANP is to produce at its deposition the documents requested in Exhibit B hereto.

Respectfully submitted,

HUNTON & WILLIAMS LLP

By: _____
David C. Lonergan
State Bar No. 12513500
Patricia S. Gill
State Bar No. 24007238

Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, Texas 75201
(214) 979-3000
(214) 880-0011 (fax)

David P. Poole
State Bar No. 16123750
TXU LEGAL
1601 Bryan Street, Suite 2100
Dallas, Texas 75201-3402
214.812.6001
214.812.6032 (fax)

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

On August __, 2004, a true and correct copy of the foregoing deposition notice was served by U.S. mail on Plaintiff's attorney, Hal Gillespie, Gillespie, Rozen, Watsky & Motley, P.C., 3402 Oak Grove Ave, Suite 200, Dallas, Texas 75204.

_____

## EXHIBIT A

## DEFINITIONS

The terms listed in this section will have the meanings set forth in this section wherever such words and phrases appear in this Exhibit in bold typeface. The meanings stated in this section will control the meaning of all such words and phrases when in bold typeface, notwithstanding the context or associations in which such words or phrases may appear in this Exhibit. Words and phrases not listed in this section or in ordinary typeface will have their ordinary meanings.

1. The letters "**ANP**" means American National Power, Inc. and any predecessor of it.

2. The term "**concerning**" means relating to, referring to, describing, evidencing, or constituting.

3. The term "**Defendants**" means TXU Corp., TXU Energy Company LLC, and TXU Portfolio Management Company LP and any predecessors of them.

4. The term "**Plaintiff**" means Plaintiff William J. Murray.

5. The term "the **Subpoena**" means the January 14, 2004 subpoena duces tecum served on **ANP** by **Defendants**.

## SUBJECT MATTERS FOR ANP'S DEPOSITION

1. **ANP's** document retention and destruction policies.

2. The files and documents maintained by **ANP concerning Plaintiff's** employment by **ANP**.

3. The location of the files and documents maintained by **ANP** (1) **concerning Plaintiff's** employment by **ANP**, and (2) responsive to Exhibit B hereto.

4.	The destruction or loss of any files or documents maintained by **ANP** (1) **concerning Plaintiff's** employment by **ANP**, or (2) responsive to Exhibit B hereto.

5.	**ANP's** search for documents responsive to the **Subpoena** and Exhibit B hereto.

6.	Each position held by **Plaintiff** during his employment by **ANP,** and for each position: (a) the dates when **Plaintiff** held it, (b) **Plaintiff's** duties and responsibilities in it, (c) the name and position of **Plaintiff's** supervisor, (d) **Plaintiff's** direct reports, (e) **Plaintiff's** compensation and bonuses while in it, and (f) the reasons why **Plaintiff's** position or title changed.

7.	Each promotion or demotion received by **Plaintiff** during his **ANP** employment and the reasons for it.

8.	**ANP's** evaluations of **Plaintiff's** work performance.

9.	The reasons and circumstances **concerning** the termination of **Plaintiff's ANP** employment.

10.	The severance benefits and other compensation paid to **Plaintiff** upon the termination of his **ANP** employment and the reasons why such benefits and compensation were paid to him.

11. Each discrimination charge or claim made by **Plaintiff** against **ANP**, its parent, subsidiaries, or affiliates or any of their respective officers or employees.

12. Each lawsuit, arbitration, grievance, demand, or claim made or filed by **Plaintiff** against **ANP**, its parent, subsidiaries, or affiliates, or any of their respective officers or employees **concerning Plaintiff's** employment by **ANP**.

13. Each claim or allegation by **Plaintiff** that **ANP's** or its parent, subsidiaries, or affiliates' accounting practices violated Generally Accepted Accounting Principles or were otherwise improper.

14. Each claim or allegation by **Plaintiff** that **ANP's** or its parent, subsidiaries, or affiliates' (a) proposed actions or disclosures would violate federal or state securities law or would be false, misleading, or fraudulent, or (b) actual actions or disclosures violated federal or state securities law, or were false, misleading, or fraudulent.

15. Each contract or agreement between **Plaintiff** and **ANP** or its parent, subsidiaries, or affiliates, including, without limitation, any confidentiality or severance agreement.

16. **Plaintiff's** functions as a lawyer during his **ANP** employment and his provision of legal services or legal advice to **ANP** or its parent, subsidiaries, or affiliates. **Note: Defendants** are seeking only general information about **Plaintiff's** functions as an attorney and his legal services and advice and do not expect **ANP** to waive any attorney-client or work-product privilege with respect thereto.

17. **Plaintiff's** role in **ANP's** or its parent, subsidiaries, or affiliates' compliance with the requirements of federal or state securities laws.

18. **Plaintiff's** role in (a) **ANP's** or its parent, subsidiaries, or affiliates' compliance with Generally Accepted Accounting Principles, (b) reviewing or setting **ANP's** or its parent,

subsidiaries, or affiliates' accounting practices, and (c) dealing with or resolving accounting issues for **ANP** or its parent, subsidiaries, or affiliates.

19. **Plaintiff's** role in **ANP's** or its parent, subsidiaries, or affiliates' financing activities.

20. The general nature of **ANP's** business, including the identity of its parent, subsidiaries or affiliates.

21. **ANP's** organizational structure during **Plaintiff's ANP** employment.

22. Any communications between **Plaintiff** or his representatives and **ANP** or its representatives in any way concerning **Plaintiff's** claims or lawsuit against **Defendants** or his employment by any of **Defendants**.

## EXHIBIT B

## DEFINITIONS

The terms listed in this section will have the meanings set forth in this section wherever such words and phrases appear in this Exhibit in bold typeface. The meanings stated in this section will control the meaning of all such words and phrases when in bold typeface, notwithstanding the context or associations in which such words or phrases may appear in this Exhibit. Words and phrases not listed in this section or in ordinary typeface will have their ordinary meanings.

1. The letters "**ANP**" means American National Power, Inc. or any predecessor of it.

2. The term "**concerning**" means relating to, referring to, describing, evidencing, or constituting.

3. The term "**Defendants**" means TXU Corp., TXU Energy Company LLC, and TXU Portfolio Management Company LP or any predecessor of them.

4. The term "**documents**" is defined to be synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

5. The term "**Plaintiff**" means Plaintiff William J. Murray.

## DOCUMENTS TO BE PRODUCED BY ANP

1. **ANP's** document retention policy or procedures.

2. **Plaintiff's** employment or personnel file.

3. All **documents concerning ANP's** hiring of **Plaintiff**, including any resumes, interview notes, evaluations, or information forms relating thereto.

4. All performance reports and other evaluations of **Plaintiff's** work for **ANP**.

5. All **documents concerning** the termination of **Plaintiff's ANP** employment, including, without limitation, any termination form or termination or resignation letter and any **documents** reflecting any severance benefits or compensation received by **Plaintiff** upon his termination.

6. All resumes provided by **Plaintiff** to **ANP concerning** himself.

7. **Documents** sufficient to allow **Defendants** to determine each position held by **Plaintiff** during his employment by **ANP** and for each position: (a) the dates when **Plaintiff** held it, (b) **Plaintiff's** duties and responsibilities in it, (c) **Plaintiff's** supervisor or boss, (d) **Plaintiff's** direct reports, (e) **Plaintiff's** compensation and bonuses while in it, and (f) the reasons why **Plaintiff's** position changed.

8. All non-privileged **documents concerning** any discrimination charge or claim made by **Plaintiff** against **ANP**, its parent, subsidiaries, or affiliates, or any of their respective officers or employees, including, without limitation, all pleadings, discovery, deposition and trial transcripts, and settlement documents relating thereto.

9. All non-privileged **documents concerning** any lawsuit, arbitration, grievance, demand, or claim made or filed by **Plaintiff** against **ANP**, its parent, subsidiaries, or affiliates, or any of their respective officers or employees, including, without limitation, all pleadings, discovery, deposition and trial transcripts, and settlement documents relating thereto.

10. All **documents concerning** any claim or allegation by **Plaintiff** that **ANP's** or its parent, subsidiaries, or affiliates' accounting practices violated Generally Accepted Accounting Principles or were otherwise improper.

11. All **documents concerning** any claim or allegation by **Plaintiff** that **ANP's** or its parent, subsidiaries, or affiliates' (a) proposed actions or disclosures would violate federal or state securities law or would be false, misleading, or fraudulent, or (b) actual actions or disclosures violated federal or state securities law, or were false, misleading, or fraudulent.

12. Each contract or agreement between **Plaintiff** and **ANP** or its parent, subsidiaries, or affiliates, including, without limitation, any confidentiality or severance agreement.

13. Non-privileged **documents** sufficient to allow **Defendants** to determine if **Plaintiff** provided legal services or legal advice to **ANP** or its parent, subsidiaries, or affiliates and, if so, non-privileged **documents** sufficient to allow **Defendants** to determine the general nature of such services or advice.

14. Non-privileged **documents** sufficient to allow **Defendants** to determine **Plaintiff's** role in **ANP's** or its parent, subsidiaries, or affiliates' compliance with the requirements of any federal or state securities law.

15. Non-privileged **documents** sufficient to allow **Defendants** to determine **Plaintiff's** role in (a) **ANP's** or its parent, subsidiaries, or affiliates' compliance with such Generally Accepted Accounting Principles, (b) reviewing or setting **ANP's** or its parent, subsidiaries, or affiliates' accounting practices, and (c) dealing with or resolving accounting issues.

16. Non-privileged **documents** sufficient to allow **Defendants** to determine **Plaintiff's** role in **ANP's** or its parent, subsidiaries, or affiliates' financing activities.

17. All documents concerning Plaintiff's employment by any of Defendants.

18. All documents concerning Plaintiff's claims or lawsuit against Defendants.

19. All **documents concerning** communications between **Plaintiff** or his representatives and **ANP** or its representatives **concerning Plaintiff's** claims or lawsuit against **Defendants** or his employment by **Defendants**.

20. All organizational charts showing **Plaintiff's** position in **ANP's** structure or hierarchy.