# HUNTON& WILLIAMS

HUNTON & WILLIAMS LLP
ENERGY PLAZA
30TH FLOOR
1601 BRYAN STREET
DALLAS, TEXAS 75201-3402

TEL      214 • 979 • 3000
FAX     214 • 880 • 0011

ROBERT K. WISE
DIRECT DIAL: 214-979-3071
EMAIL: bwise@hunton.com

FILE NO: 88826-187

August 26, 2004

**Via Fax**

Mr. Christopher H.M. Carter
Hinckley Allen Snyder LLP
43 North Main Street
Concord, New Hampshire 03301-4934

Re:   William J. Murray v. TXU Corp., et al -- Deposition of American National Power, Inc.

Dear Chris:

This letter responds to your letter regarding the subpoena duces tecum (the Subpoena) that my clients, Defendants in the above-referenced action, intend to serve on American National Power, Inc. (ANP).

**A.     Payment of ANP's attorneys' fees and costs**.  Assuming that ANP promptly agrees to appear for deposition and that we resolve all the issues raised by our exchange of correspondence, Defendants, because they want to promptly depose ANP and obtain its documents, for settlement purposes, and fully believing that their pending motion to compel should be granted, are unwilling to pay a portion of Defendants' costs incurred in connection with that motion.  In this regard, please provide me with the total out-of-pocket costs (including attorneys' fees) incurred by ANP solely with respect to the motion (and not related to any sanctions or other motions).

With respect to the response to the Subpoena, as I understand Federal Rule of Civil Procedure 45, a non-party is not entitled to be reimbursed for time spent in providing deposition testimony.  On rare occasions, however, a nonparty is entitled to be paid costs in connection with the production of documents, if the cost of producing them is "significant."   I believe that the Subpoena's document request is narrowly drawn and, therefore, should not require the production of a large amount of documents or require a significant amount of time to locate and produce them.  If this is not the case, please explain why and provide me with an itemized estimate of the costs that ANP believes it will incur in complying with the Subpoena.  Of course, we will reimburse ANP for its costs in providing us with a copy of the documents it produces.



HUNTON&
WILLIAMS

Mr. Christopher H.M. Carter
August 26, 2004
Page 2

**B.    Confidentiality agreement**. As I indicated over the telephone, Defendants are more than willing to enter into an appropriate confidentiality agreement. Please immediately forward me a draft of one that is acceptable to ANP.

**C.    Exhibit A to the Subpoena, which identifies subject matters about which ANP is to testify.** Your letter is unclear about which subject matters, if any, ANP is unwilling to provide a representative to testify. If there are any, please identify them and explain why ANP is unwilling to provide a witness to testify about them. In this regard, the mere fact that some aspect of a topic may be privileged or involve proprietary information is not a valid objection because, at the deposition, ANP, as appropriate, can invoke privilege or have the testimony covered by the protective order.

**D.    Exhibit B to the Subpoena, the document request.**

    1.    Paragraph 1 seeks ANP's document retention policy or policies. Your letter does not address this request, and I assume ANP will produce the requested document(s), if any exist.

    2.    Paragraph 2 seeks Murray's employment file. Your letter offers to produce the file with the exception of documents whose production is prohibited by law. This is acceptable to us, if ANP agrees to provide a log of the documents not produced and the reason(s) why they were not produced.

    3.    Paragraphs 3-7 seek documents concerning Murray's hiring, evaluations, termination, resumes, and positions held. Your letter offers to produce such documents to the extent they are in Murray's employment/personnel file. This is unacceptable. While we do not expect ANP to search all its files for such documents, we expect it to search obvious files where they may be located. Thus, for example, if it maintains separate files regarding terminations, evaluations, employee contracts, or if Murray's former supervisors have files relating to him or their direct reports, we expect ANP to review them and produce documents from them responsive to the requests.

    4.    Paragraphs 8 and 9 seek documents about Murray's discrimination charges or legal proceedings against ANP. Your letter says no such documents exist, and obviously we do not expect ANP to produce documents that it does not have.

    5.    Paragraphs 10 and 11 seek documents regarding any claim by Murray that ANP's (or its parent or affiliates') accounting practices violated GAAP or that ANP's (or its parent or affiliates') actions violated state or federal securities law or were fraudulent or misleading. Your letter objects to these requests because the requested documents are either

# HUNTON&
# WILLIAMS

Mr. Christopher H.M. Carter
August 26, 2004
Page 3

privileged or highly confidential and then notes that there are no such documents. The letter is unclear. If there are no responsive documents to the requests, there is nothing to produce. However, if there are responsive documents that are privileged, they should be identified in a privilege log. And, if there are responsive documents that contain proprietary information, they should be produced under the confidentiality agreement. Please let me know if there are any responsive documents, and how ANP intends to deal with them.

6.    Paragraph 12 seeks all contracts between ANP and Murray. Your letter offers to produce only the severance agreement. This is unacceptable. If there are other agreements or contracts, we are entitled to see them.

7.    Paragraphs 13-16 seek documents concerning Murray's role at ANP (or its parent and affiliates) with respect to the provision of legal advice, compliance with securities laws, accounting practices, and financings. Your letter indicates that ANP will not produce such documents because they are either privileged or proprietary or, alternatively, because the requests are vague, over broad, and unduly burdensome. We believe the requested documents should be produced. At the outset, the requests do not seek "all" documents concerning Murray's role in the identified activities, but only documents "sufficient to allow Defendants to determine [Murray's] role" in them. Thus, ANP need not produce privileged or proprietary documents and the requests are not vague, over broad, or unduly burdensome. Moreover, if the only documents ANP has responsive to the requests are privileged, they can be identified on a privilege log. And, if the only non-privileged documents ANP has responsive to the requests contain proprietary information, they should be produced under the protective order.

8.    Paragraphs 17-19 seek documents concerning Murray's employment by Defendants, his lawsuit against Defendants, and communications between Murray and ANP about the lawsuit against, or his employment by, Defendants. Your letter erroneously lumped Paragraph 17 with Paragraphs 13-16 and indicates that it has no documents responsive to Paragraphs 18 and 19. We assume that ANP either will produce documents responsive to Paragraph 17 or advise us that there are none. With respect to Paragraphs 18-19, we do not expect ANP to produce documents that do not exist.

9.    Paragraph 20 requests organizational charts showing Murray. Your letter indicates that such documents will not be produced because they contain proprietary information. This is unacceptable. We do not understand how organizational charts showing Murray can contain proprietary information. After all, ANP is not the CIA and the charts would be four years old, as Murray left ANP's employ in 2000. In any event, the charts can be produced under the protective order, and ANP need only produce one copy of each chart.



Mr. Christopher H.M. Carter
August 26, 2004
Page 4

In closing, I want to reiterate that we want to depose ANP as soon as possible, and given the unexpected delay in obtaining a ruling on Defendants' motion to compel, we intend to serve the Subpoena on ANP early next week, even if we cannot resolve all our disputes before its service. In this regard, please let me know if there are any days in the next month when ANP or you are unavailable for deposition. Of course, we will continue to work with you toward an agreement after we serve the Subpoena.

Very truly yours,

Robert K. Wise

RKW/cag
cc:    David Poole
       Patty Gill
       Anita Bapooji