# HinckleyAllenSnyder LLP
### ATTORNEYS AT LAW

43 North Main Street
Concord, NH 03301-4934
TEL: 603.225.4334
FAX: 603.224.8350
www.haslaw.com

*Christopher H.M. Carter*
ccarter@haslaw.com

September 24, 2004

By Facsimile (214-880-0011)
Original By Regular Mail
Robert Wise, Esq.
Hunton & William LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas, TX 75201-3402

Re:   **William J. Murray v. TXU Corp. et al.**

Dear Bob:

I have reviewed your September 20, 2004 letter relating to the proposed Notice of Deposition ("Notice") that TXU intends to serve on American National Power, Inc. ("ANP"). Over the past two months, ANP has worked in good faith to reach an agreement on the proposed Notice, notwithstanding that the propriety of TXU's prior subpoena has been briefed and is pending before the U.S. District Court of Massachusetts. ANP has urged a resolution that provides TXU with needed information, while protecting ANP from being embroiled in burdensome and costly discovery in a case in which it is not a party. TXU's response to ANP's efforts, as outlined in your September 20 letter, is disappointing. The response ignores issues that are, and always have been, of central importance to ANP, and it offers no assurance that the apparent inflexibility of TXU's discovery demand will not result in continued litigation.

Since receiving TXU's draft Notice on August 10, I have repeatedly advised that while ANP wishes to resolve the current litigation with TXU, any agreement must comply with Fed. R. Civ. P. 45, and provide assurance that ANP will be reasonably compensated; establish firm parameters for any future discovery sought from ANP in the Murray matter; and provide for compensation to ANP for the substantial attorneys' fees and costs the company has incurred in connection with TXU's prior subpoena and motion to compel. None of these concerns is addressed in TXU's response. ANP invested a substantial amount of time, effort and cost in responding to TXU's motion to compel so that the District Court can bring closure to these issues in a manner protective of ANP's interests. TXU's current proposal would require ANP relinquish its ability to obtain protection from the Court and recovery of those costs, cede to TXU's discovery demands, and proceed knowing that future litigation with TXU is inevitable. By this letter, I reiterate ANP's interest in reaching a reasonable resolution of this dispute with TXU, and request that TXU reconsider its position.

28 State Street, Boston, MA 02109-1775 TEL: 617.345.9000 FAX: 617.345.9020
1500 Fleet Center, Providence, RI 02903-2393 TEL: 401.274.2000 FAX: 401.277.9600

09/24/04  FRI 17:11  [TX/RX NO 7970]

Robert Wise, Esq.
September 24, 2004
Page 2

**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

A.  Nature and Scope of Requests

You have portrayed TXU's proposed Notice as containing "slightly more specific document requests" so as to accommodate ANP's objections. In fact, the proposed Notice contains the same overly broad, burdensome document requests that were set forth in TXU's earlier subpoenas. In violation of Rule 45, TXU has made no effort to show how the proprietary, commercially sensitive information demanded of ANP is relevant to a whistleblower suit relating to the financial, accounting and commercial practices of a company unrelated to ANP. Furthermore, TXU has not shown a substantial need for the requested information, nor why the requested information cannot be obtained from other sources.

Despite this, by letter dated August 19, 2004, and in our telephone discussion on September 1, 2004, I identified numerous categories of responsive documents that ANP will agree to produce, provided TXU agrees to reimburse ANP for the cost incurred in producing such documents. ANP acted in hopes of moving this matter forward, notwithstanding its objections to the requests. Based on your September 20 letter, it appears that TXU has ignored ANP's concerns, refused to make any change in the form of the draft Notice, or narrow the scope of materials demanded from ANP.

B.  Cost Reimbursement

With regard to reimbursement for costs and attorneys' fees, I earlier advised that ANP has incurred between $18-19,000 in responding to TXU's motion to compel. ANP believes it will recover this full amount when the District Court makes its ruling. TXU's proposal to reimburse ANP for only $2500 of this amount is unacceptable. Moreover, your September 20 letter does not address reimbursement to ANP for costs it would incur in providing discovery pursuant to an agreement with TXU.

C.  Certainty and Finality of Resolution

Finally, TXU's proposal provides no certainty that the current impasse over the nature and scope of TXU's discovery demands would be resolved without further litigation. Instead, the proposal would require ANP to dismiss its objections to TXU's prior subpoena, respond immediately to a new subpoena that, as a practical matter, remains unchanged, and face the certainty of additional, costly litigation. This also is acceptable to ANP.

Please call me after you have reviewed this letter. ANP stands willing to engage in good faith discussions to reach agreement. I hope that TXU will reconsider its position, and that we can reach an agreement that accomplishes our clients' respective goals and avoids the need for further litigation.

Robert Wise, Esq.
September 24, 2004
Page 3

**HinckleyAllenSnyder** LLP
ATTORNEYS AT LAW

Sincerely,

Christopher H.M. Carter
CHMC/smg
cc:   Nona Pucciarello, Esq.
#501490