UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff*,<br><br>v.<br><br>TXU CORP. *et al.*,<br><br>*Defendants*. | DOCKET NO. 04-cv-12123-NG<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

## ANP'S RESPONSE TO TXU'S
## OCTOBER 5, 2004 LETTER TO COURT

American National Power, Inc. ("ANP") respectfully submits this brief response to the October 5, 2004 letter that TXU Corp. submitted to the Court, and that raises improper factual allegations which are irrelevant to the matters to be decided by the Court.

1. TXU initiated this litigation on March 5, 2004, by filing a motion to compel that demands compliance with a subpoena duces decum filed in connection with Murray v. TXU Corp., a case pending in the U.S. District Court in Dallas, Texas. ANP is not a party to the Murray case, and it has no interest in the outcome of that proceeding.

2. TXU filed lengthy pleadings addressing the merits of its Motion to Compel. In addition to the Motion itself, TXU filed a memorandum of law with supporting affidavits, and later obtained leave of Court to file a reply memorandum. TXU thereby exhausted the avenues under the Local Rules and the Federal Rules of Civil Procedure for arguing its case to this Court.

#504088 v1

3.  Apparently displeased with the time required to obtain a ruling on its Motion to Compel, on October 5, 2004, TXU, by its Massachusetts counsel Anita B. Bapooji, submitted a letter to the Clerk of Court requesting a prompt hearing on its Motion. TXU also used the letter to raise arguments about ANP's purported conduct since the Motion to Compel was filed. As exhibits with the letter, TXU included written correspondence concerning TXU's recent attempt to bypass the instant proceeding, and to demand compliance with a separate subpoena that is substantively identical to the subpoena at issue in the instant proceeding.

4.  ANP has no objection to TXU's desire to obtain final resolution on its Motion to Compel. Indeed, ANP would have readily joined in an effort to work with the District Court to identify a date the parties could be heard on the Motion.

5.  However, ANP does object to TXU's use of its letter to assert additional factual allegations that have nothing to do with its request for a hearing, and appear calculated to draw ANP into a further argument regarding the merits of TXU's demands for discovery.

6.  Rule 7 of the Federal Rules of Civil Procedure states plainly that every application to a Court for an order "shall be by _motion_ which, unless made during a hearing or trial, shall be made in writing…" Fed. R. Civ. P. 7(b)(1) (emphasis added). The rule "advances the policies of reducing prejudice to either party" by monitoring the methods by which parties may communicate with the Court. See Calderon v. Kansas Dept., Soc. & Rehab. Services, 181 F.3d 1180, 1186 (10th Cir. 1999).

#504088 v1

7.   Rule 7 is intended to prevent precisely the kind of unauthorized, ad hoc arguments now asserted by TXU.[1] Upon receiving TXU's letter, ANP was faced with a Hobson's Choice. It could ignore the letter, thereby permitting TXU's unfounded arguments to remain unanswered on the record. Alternatively, ANP could follow suit, ignore the procedural rules governing this proceeding, and broaden the free-for-all by filing a response letter with the Court.

8.   ANP is fully prepared to respond to the allegations in TXU's letter, in particular the allegations concerning the parties' respective efforts to resolve this dispute. However, unless the Court directs otherwise, ANP will reserve any such response, and permit TXU's Motion to Compel to be resolved based on the record properly before the Court.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

/s/ Christopher H.M. Carter
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

Dated: October 26, 2004

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this day to all counsel of record.

/s/ Christopher H.M. Carter
Christopher H.M. Carter

---

[1] TXU's letter likewise violates the Local Rules of this Court, in particular Local Rule 7.1(A)(2), which requires a party to seek concurrence before seeking relief of the Court, and Local Rule 7.1(B)(3), which requires that "[a]ll other papers not filed as indicated in subsections (B)(1) and (2) ... may be submitted only with leave of court."

#504088 v1

#504088 v1