UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff*,<br><br>v.<br><br>TXU CORP. *et al.*,<br><br>*Defendants*. | DOCKET NO. 04-cv-12123-NG<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

**PROPOSED PROTECTIVE ORDER**

Upon review of the facts provided to the Court in connection with TXU's Motion to Compel Discovery from non-party ANP, the Court hereby orders and rules as follows:

A.  On or before November 2, 2004, ANP shall deliver to counsel for TXU Corp. a non-disclosure agreement ("NDA") governing the disclosure of ANP's personnel file for William J. Murrary (the "Personnel File").

B.  On or before November 2, 2004, TXU shall deliver to ANP a proposed protective order ("Proposed Order"), in a form acceptable to ANP, to be filed in this Court concerning the Personnel File.

C.  Upon receiving a fully executed NDA from TXU, ANP shall send by overnight delivery a copy of the Personnel File to TXU's counsel.

D.  Within two (2) days of receiving the Personnel File, TXU shall file the Proposed Order with this Court.

E.  Upon ANP's production of the Personnel File, TXU shall not be entitled to demand further discovery from ANP in connection with the case of <u>Murray v. TXU Corp.</u>, absent seeking leave of this Court.

#505466 v1

  F. Should TXU seek leave to obtain further discovery from ANP in connection with the case of <u>Murray v. TXU Corp.</u>, TXU shall be not entitled to obtain further discovery from ANP without identifying with specificity the documents sought from ANP (the "Requested Documents"), and demonstrating the following:

    1. The relevance of the Requested Documents;

    2. A substantial need for the Requested Documents;

    3. That TXU has exhausted efforts to obtain the Requested Documents from William Murray;

    4. That the Requested Documents cannot be obtained from other sources without undue hardship; and

    5. That the relevance of the Requested Documents is not outweighed by the burden imposed on ANP to produce those documents.

  G. As to Requested Documents sought from ANP, TXU is entitled only to documents currently in ANP's possession in hard copy. TXU is not entitled to production of information currently accessible to ANP only in electronic format.

  H. Prior to or at the time of any future demand for Requested Documents, TXU shall provide ANP with a protective order acceptable to ANP to preserve the confidentiality of the documents.

  I. Prior to or at the time of any future demand for Requested Documents, TXU shall provide ANP with written confirmation that TXU will reimburse ANP for any and all costs associated with producing any Requested Documents.

  IT IS SO ORDERED.

Dated:_____

                      _____
                      Hon. Nancy Gertner, District Court
                      Judge, District of Massachusetts