UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY, ) | |
|  ) | |
|  Plaintiff, ) | CASE NO. 04-CV-12123NG |
|  ) | |
|  v. ) | (Related to cause no. 3:03-cv-088P, |
|  ) | United States District Court for the |
| TXU CORP., *et al*. ) | Northern District of Texas, Dallas |
|  ) | Division) |
|  Defendants. ) | |

**MOVANTS' RESPONSE TO AMERICAN
NATIONAL POWER, INC.'S PROPOSED PROTECTIVE ORDER**

Movants TXU Corp., TXU Energy Company LLC, and TXU Portfolio Management Company LP f/n/a TXU Energy Trading Company LP ("Portfolio Management") respond to the Proposed Protective Order of Respondent American National Power, Inc. (ANP) as follows:

1. Movants are defendants in an action brought by Portfolio Management's former employee, William J. Murray (Murray), for discrimination in violation of the Sarbanes-Oxley Act of 2002 and for breach of contract. Since January 2004, Movants have unsuccessfully been attempting to obtain certain documents from ANP, Murray's former employer.

2. On Wednesday, October 27, 2004, the Court held a hearing on Movants' motion to compel. At the conclusion of the hearing, the Court asked ANP to submit a proposed protective order to the Court. ANP did so the following day.

3. Movants object to the proposed protective order because it is one-sided and contains improper provisions. Specifically, Movants object to Paragraphs B, F, G, H, and I for the reasons discussed below.

4. <u>Paragraphs B and H</u> require Movants to draft a proposed protective order

1

"acceptable to ANP" both before ANP produces Murray's personnel file and again before it requests any additional documents. There is no need for multiple protective orders and surely ANP should not be given a veto over the protective order's provisions. Moreover, Movants previously provided ANP with a draft protective order that was acceptable to Movants. See Exhibit 9 to Movants' Reply Memorandum in Support of Their Motion to Compel. ANP should be ordered to promptly make whatever changes it wishes to that earlier draft protective order, and, in the *unlikely event* the parties cannot agree on its terms, the Court should resolve any dispute about them.

5.  Paragraph F. Although Paragraph E prevents Movants from obtaining documents in addition to Murray's personnel file without leave of Court, Paragraph F sets a series of conditions that Movants must meet to obtain additional documents that literally makes it impossible for them to do so. If, after reviewing the personnel file, Movants believe they need additional documents, they should be able to seek leave of Court for them, and ANP can then object on whatever basis it deems appropriate.

6.  Paragraph G absolutely prohibits Movants from obtaining documents maintained in electronic format from ANP. This provision is not needed and inappropriate. It is not needed because Paragraph E requires Movants to obtain leave of Court for additional documents. It is inappropriate because it absolutely bars Movants from obtaining electronic documents before ANP has provided any discovery and before Movants even can determine if there is a basis for their production.[1] If Movants can demonstrate that electronic documents should are relevant and producible, they should be entitled to them and, if there is a substantial expense involved in producing them, the Court can allocate the expenses as it deems appropriate.

7.     <u>Paragraph I</u> requires Movants to reimburse ANP for "any and all costs associated with" any additional document production.  Under Federal Rule of Civil Procedure 45, a court is only authorized to protect "a party from *significant expense* resulting from the inspection and copying commanded."  Accordingly, Movants believe that ANP's attempt to shift the entire production cost to them (before it even knows what the cost will be) is inappropriate.

8.     Finally, at the hearing, the Court first appeared to suggest production by ANP of documents relevant to the issues in the underlying lawsuit, that is, whether Murray, during his ANP employment, was responsible for, or involved in, accounting issues and securities filings.  It later appeared to suggest that ANP should initially produce only the personnel file.  Movants respectively request that the Court order ANP to produce both categories of documents, as well as documents concerning any claim by Murray that ANP or its parent or affiliates violated federal or state securities law.  In this regard, Movants doubt that the three foregoing categories of documents are in Murray's personnel file and they clearly are relevant to his claims in the underlying lawsuit.

WHEREFORE, Movants respectfully request that the Court modify the Proposed Protective Order as set forth above.

---

[1] As pointed out at the hearing, ANP previously claimed that it would have to reconstruct its server to produce electronic documents.  Accordingly, Movants agreed it that it did not have to produce such documents and did not move to compel their production.

Dated: November 3, 2004                    Respectfully submitted,

**TXU CORP., TXU ENERGY COMPANY LLC, AND TXU PORTFOLIO MANAGEMENT COMPANY, LP, F/K/A TXU ENERGY TRADING COMPANY LP**

By Their Attorneys

/s/ Anita B. Bapooji
Anita B. Bapooji (BBO #644657)
Laura M. Stock (BBO #652276)
TESTA, HURWITZ & THIBEAULT, LLP
125 High Street
Boston, MA  02110
(617) 248-7000

Robert K. Wise
David C. Lonergan
Patricia S. Gill
HUNTON & WILLIAMS, LLP
Energy Plaza, 30th Floor
1601 Bryan Street
Dallas Texas  75201
(214) 979-3029

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served by facsimile and first class mail, on this 3rd day of November, 2004 upon:

Plaintiff William J. Murray's Counsel of Record, Hal K. Gillespie, Esq. and Yona Rozen, Esq., Gillespie, Rozen & Watsky, 3402 Oak Grove Avenue, Suite 200, Dallas, Texas, 75204.

American National Power's Counsel of Records, Christopher M. Carter, Esq., Hinckley, Allen & Snyder, LLP, 28 State Street, Boston, MA 02109.

                                        /s/ Anita B. Bapooji
                                              Anita B. Bapooji

84105.000039 DALLAS 133068v1