UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| WILLIAM J. MURRAY, | ) | |
| | ) | |
| Plaintiff, | ) | Docket No. 04-cv-12123-NG |
| | ) | |
| | ) | (Related to Cause |
| v. | ) | No. 3:03 CV-088P, U.S. District |
| | ) | Court, Northern District of |
| TXU CORP. et al., | ) | Texas, Dallas Division) |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANP'S POST-HEARING MEMORANDUM IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS

Pursuant to this Court's October 27, 2004 Order in the above-captioned matter, American National Power, Inc. ("ANP") submits the following post-hearing memorandum to provide an accounting of, and explanation for, the attorneys' fees and costs incurred by ANP as a result of the Motion to Compel (the "Motion") brought by TXU on March 5, 2004, to demand the production of documents by non-party ANP.

## I.    Procedural History

On October 27, 2004, this Court conducted a hearing on TXU's Motion. At the conclusion of the hearing, the Court denied TXU's demand for enforcement of its January 15, 2004 subpoena (the "Subpoena"), which sought "any and all records and documents pertaining to William James Murray." The Court ruled that TXU is entitled only to production of ANP's personnel file for William Murray, and it directed ANP to file a proposed Protective Order governing the disclosure of those documents.[1]

In addition to ruling on TXU's Motion, the Court also entertained ANP's request, pursuant to Fed. R. Civ. P. 45(c)(1), 26(c)(4) and 37(a)(4), for recovery of the attorneys' fees and

---

[1] ANP filed a Proposed Protective Order on October 28, 2004.

costs it has incurred as a result of TXU's Motion.  The Court directed ANP to provide an accounting of those fees and costs.  The Court advised that it would defer ruling on whether ANP is entitled to recover all or a portion of those expenses, until after it reviewed communications between the parties to determine if ANP had offered to produce Murray's personnel file before TXU filed its Motion instigating this litigation.[2]

## II.    Accounting Of Legal Fees And Costs

TXU's March 5 Motion was the start of months of contentious litigation.  During the ensuing eight months, the two law firms representing TXU – Hunton & Williams LLP and Testa, Hurwitz & Thibeault, LLP,– filed a succession of pleadings which demanded ANP's unqualified compliance with the Subpoena, and raised a barrage of allegations concerning ANP's purported conduct before the Motion was filed.  ANP incurred substantial attorneys' fees and costs in its efforts to respond to these pleadings, and protect itself against TXU's overlybroad and unduly burdensome discovery request.

To date, the external legal fees and costs incurred by ANP as a direct result of TXU's Motion, and the subsequent litigation strategy of TXU's counsel, total approximately $38,910.65.  Of this amount $35,605.75 is reflected on the billing statements of ANP's outside counsel, Hinckley Allen & Snyder LLP, copies of which are attached as **Exhibit A** to the Affidavit of Christopher H. M. Carter (the "Carter Affidavit"), submitted herewith.[3]  As indicated, these billing statements cover the period of March 2004 (when TXU filed its Motion)

---

[2]    As shown below, ANP made this offer on numerous occasions prior to the March 5, 2004 Motion, including in a March 2, 2004 letter to TXU's counsel. See March 18, 2004 Affidavit of Nona S. Pucciariello submitted in support of ANP's Objection to Motion to Compel, ¶16, Exh. G.
[3]    These statements have been redacted to preserve the confidentiality of privileged attorney-client communications and attorney work product. At the Court's request, however, ANP is prepared to submit unredacted copies of the statements under seal.

through August 2004.[4]  In addition, $3,304.90 in additional fees and costs which have been

incurred from September 2004 forward, are reflected in the Hinckley, Allen & Snyder LLP

billing records enclosed as **Exhibit B** of the Carter Affidavit.  The fees and costs reflected in

Exhibits A and B are exclusive of time and costs expended by ANP's internal legal counsel in

connection with this matter.

The substantial amount of fees and costs incurred by ANP is a direct reflection of TXU's

unrelenting and inflexible demands that ANP fully comply with the Subpoena, notwithstanding

ANP's legitimate objections to its scope and the burdens imposed.  This conduct is illustrated by

the following chronology of events:

> *        **January 15, 2004**: TXU served non-party ANP with the Subpoena, which
>
> called for ANP to produce "any and all records and documents pertaining to"
>
> William Murray, a former ANP employee who worked for the company during
>
> the period between 1987 to 1990.  TXU repeatedly argued that it was entitled to
>
> full discovery against ANP because TXU was involved in a whistleblower suit
>
> brought by Murray, under the Sarbanes-Oxley Act in a matter styled Murray v.
>
> TXU Corp., Case No. 03-CV-088P.  TXU did not substantiate the relevancy of
>
> the requested documents to the pending litigation.  Nor did TXU demonstrate any
>
> substantial need for the vast scope of materials covered by the Subpoena.
>
> *        **January 21-March 3, 2004:** ANP contacted TXU's counsel requesting
>
> TXU to specify the documents TXU was seeking, and to narrow the scope of the
>
> Subpoena.  See March 18, 2004 Affidavit of Nona S. Pucciariello submitted in

---

[4]        As indicated on the redacted statements, a total of $2,840.00 in reductions have been made to certain legal
fees incurred in April 2004.  These reductions relate to time incurred to prepare a motion for Rule 11 sanctions
based on materially false statements in TXU's Reply.  ANP ultimately chose not to proceed with this motion, and is
not seeking recovery of costs incurred to prepare the same.

support of ANP's Objection to Motion to Compel ("Pucciariello Aff."), ¶8.  TXU

refused this request.  On January 27, 2004, ANP notified TXU pursuant to Fed. R.

Civ. P. 45 that it objected to the Subpoena on the ground it was overlybroad and

unduly burdensome.  Notwithstanding ANP's need to provide notice of its

objections under Rule 45, over the subsequent weeks, ANP repeatedly informed

TXU – both orally and in writing – that it would work with TXU to reach

agreement on a modified document request.  ANP also advised TXU that it could

produce Murray's employment file promptly once the parties reached an

agreement on confidentiality.  See id., ¶¶10-12, Exh. C, G & H.  TXU declined to

modify the scope of its discovery demand.  On numerous occasions, TXU

threatened – in email correspondence and otherwise – to file a motion to compel if

ANP did not comply fully with the terms of the Subpoena.  See id., ¶¶10-12, Exh.

D, E, F & I.

\*      **March 5, 2004**: TXU filed its Motion to Compel.  TXU took this step

even though ANP's efforts to reach a compromise on the discovery demand were

ongoing.  The Motion, which was accompanied by a Memorandum of Law and

ten documentary exhibits, requested full enforcement of the Subpoena.  It also

demanded recovery of TXU's attorney's fees and costs on the ground that "ANP's

continued refusal to fully comply with [TXU's] subpoena is entirely unreasonable

and warrants sanction."  See TXU Memorandum of Law In Support of Motion to

Compel, p. 9.

\*      **March 22, 2004**: ANP filed its Objection to TXU's Motion.  In so doing,

ANP incurred significant legal fees to respond to TXU's misleading

characterization of the facts giving rise to this discovery dispute. To cite one example, while alleging that ANP's conduct was "unreasonable" and worthy of "sanction," TXU inexplicably failed to inform the Court of ANP's extensive efforts in January and February 2004 to reach a compromise on the Subpoena. TXU's mischaracterization of the record left ANP with no alternative but to go through the costly exercise of reconstructing the factual record in this case through affidavits which recounted ANP's good faith efforts to reach a compromise.

* **March 26, 2004:** TXU filed a lengthy Reply to ANP's Objection. The Reply, which was accompanied by a supplemental affidavit and nine separate exhibits, was even more lengthy than TXU's Motion. It raised new, inflammatory allegations that were intended to support TXU's assertion that TXU's "good faith efforts were stonewalled by ANP's continued obstinacy and refusal to comply with what is undisputably a <u>routine</u> and <u>reasonable</u> subpoena." <u>See</u> Reply, p. 5 (emphasis in original). These allegations included the incredible assertion that ANP – a company with publicly accessible headquarters in Massachusetts – had deliberately "avoided service of process." <u>Id.</u>, p. 6.

* **April 4, 2004**: ANP filed a Surreply in order to once again address the numerous allegations raised by TXU that were intended to portray ANP in a bad light. ANP incurred still additional costs moving to strike the unfounded allegations in the Reply.

* **August-September 2004**: Even after the parties had fully briefed TXU's Motion, and were awaiting a ruling from the Court, TXU refused to let this matter

rest.  Instead, in August 2004, TXU informed ANP that TXU intended to serve
ANP with a new subpoena and notices of deposition.  Notwithstanding serious
questions over whether TXU was entitled to re-serve ANP with discovery while
the legitimacy of the Subpoena was pending before this Court; ANP spent several
weeks trying to reach a compromise with TXU that would resolve this discovery
dispute.  During this process, ANP again stated that it was prepared to
immediately produce Murray's personnel file if the parties could reach an
agreement on the scope of TXU's discovery demand.  Ultimately, these efforts
proved fruitless.  After a series of correspondence (copies of which TXU filed
with the Court on October 5, 2004), TXU refused to agree to meaningful limits on
the scope of discovery, refused to compensate ANP for costs already incurred as a
result of TXU's filing of is Motion in violation of Rule 45 and other rules of this
Court, and further refused to compensate ANP for costs it would incur to respond
to TXU's discovery requests, as required by Rule 45.

*        **October 5, 2004**: TXU delivered a letter to this Court which requested a
hearing on the Motion.  The letter mischaracterized ANP's recent efforts to
resolve this discovery dispute.  Once again, ANP was forced to incur fees to
respond to TXU's accusations and clarify the record in this case.

*        **October 27, 2004**: Hearing on TXU's Motion.  ANP incurred additional
fees to prepare for and participate in the hearing.

*        **October 28, 2004**: ANP submitted a proposed Protective Order as
directed by the Court.

       \*      **November 1, 2004:** ANP prepared the instant accounting and explanation of attorneys' fees.

## III.    TXU Easily Could Have Avoided This Litigation

As the above chronology shows, during the past ten months ANP has expended substantial resources as a result of TXU's inflexible demands for full compliance with a subpoena that would have imposed a substantial burden on ANP, a non-party to the litigation between TXU and William Murray. In the face of ANP's efforts to reach a compromise, TXU filed its Motion, and escalated this litigation by filing a succession of pleadings which mischaracterized the facts of this case.

All of this time, and expense, could have been avoided. As this Court ruled, based on the facts disclosed by TXU, the only material that can be reasonably demanded of ANP is William Murray's personnel file. Before TXU filed its Motion on March 5, ANP proposed this very outcome. It explicitly offered to produce Murray's personnel file. For example, by letter dated March 2, 2004, ANP's Associate General Counsel, Nona Pucciariello, informed TXU's counsel as follows:

> *If it is the case you are willing to reduce the scope of your request to personnel records, we do have such records in our Marlborough office and would be able to produce those documents in a relatively shorter period, subject to putting in place the needed protection for any privileged or confidential information …*

See March 18, 2004 Affidavit of Nona S. Pucciariello, Exh. G (3/2/04 letter to Patricia Gill). TXU made no further effort to address ANP's comments to TXU's sample protective order. The record shows that TXU was unwilling to accept anything less than full compliance with the overlybroad subpoena, and that absent full compliance TXU would file its Motion to Compel as it repeatedly threatened to do, and as it did.

**Conclusion**

For the reasons set forth above, and in ANP's Objection and Surreply responding to

TXU's Motion to Compel, ANP respectfully requests that this Court issue an order awarding

ANP recovery of the attorneys' fees and costs identified above.

<div style="margin-left:50%">

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

_/s/ Christopher H.M. Carter_
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

</div>

Dated:  November 4, 2004

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this day to all counsel of record.

<div style="margin-left:50%">

_/s/ Christopher H.M. Carter_
Christopher H.M. Carter

</div>

#505315 v1