UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,<br><br>*Plaintiff,*<br><br>v.<br><br>TXU CORP. *et al.,*<br><br>*Defendants.* | Docket No. 04-cv-12123-NG<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

### ANP'S REPLY IN SUPPORT OF
### PROPOSED PROTECTIVE ORDER

American National Power, Inc. ("ANP") hereby replies to Defendants TXU Corp., et al ("TXU") response to the Proposed Protective Order that ANP filed pursuant to this Court's October 27, 2004 order (the "Order").

1. According to its Response, TXU does not object to paragraphs A, C, D and E of the Proposed Protective Order. However, TXU has objected to paragraphs B, F, G, H and I.

2. In an attempt to narrow the disputed issues in this matter, ANP responds to TXU's objections as follows:

**Paragraphs B & H**: ANP accepts TXU's proposal to eliminate the proposed paragraph H, to thereby provide that the same protective order filed in connection with the disclosure of ANP's personnel file for William J. Murray will also apply to any future demand by TXU for documents from ANP. ANP has forwarded to TXU's counsel a proposed protective order, a copy of which is attached hereto as Exhibit A.

**Paragraph G**: TXU objects to a blanket prohibition against obtaining documents maintained in electronic format, but it does not object to limiting any future request so

that ANP is not forced to reconstruct its server. ANP agrees to amend this paragraph in the Proposed Protective Order to reflect that TXU is not entitled to demand product of information in electronic format, where that demand would require ANP to reconstruct its server.

**Paragraph F**: ANP does not accept TXU's objections to the requirement that TXU demonstrate its compliance with the obligations under Rules 45 and 26, as interpreted by courts in this and other Circuits, before requesting further discovery from ANP. Contrary to TXU's response, these obligations do not "make it impossible" for TXU to obtain further discovery. Rather, these obligations merely track the legal restrictions limiting TXU's demand for discovery from non-party ANP. As recognized by this Court at the October 27, 2004 hearing, TXU did not comply with these obligations when it previously demanded discovery from ANP. This conduct has already required ANP to incur substantial costs. Spelling out TXU's obligations in the Proposed Protective Order will provide a valuable check on future discovery demands.

**Paragraph I**: TXU's objection to reimbursing ANP for its future costs is unfounded. Under Rule 45, TXU had an obligation to "take reasonable steps" to ensure that its prior subpoenas to ANP would not subject the company to "undue burden or expense." Fed.R.Civ.P. 45(c)(1). Because TXU did not take such steps, ANP has been burdened with significant legal costs and expenses. In keeping with the Court's Order on TXU's motion to compel, ANP is prepared to produce William Murray's personnel file. However, going forward, TXU does not (as recognized by Rule 45) have an unrestricted right to force non-party ANP to pay for the costs of discovery in TXU's litigation with Murray. Such position would in effect have ANP to subsidize the costs of litigation to

which it is neither a party nor does it have any interest in the outcome. See Fed.R.Civ.P. 45(c)(2) (order compelling discovery shall protect non-party from "significant expense"); Fed.R.Civ.P. 45(c)(3)(B)(iii) (requiring a non-party to be "reasonably compensated" for production of certain information).

3. Finally, in paragraph 8 of its Reply, TXU requests that this Court reconsider its Order limiting the scope of permissible discovery from ANP to Murray's personnel file. ANP strongly objects to this request. When the Court issued this Order, it had before it the voluminous pleadings and correspondence that TXU filed during the past ten months. The Court also had just heard extensive oral argument from TXU's counsel. As the Court explained at the conclusion of the hearing, its Order balanced the demonstrated relevance of the materials demanded by TXU, against the burdens producing the materials would impose on ANP.

In its Reply, TXU belabors arguments it made many times before, but it provides no basis to conclude that the Court misapprehended the applicable facts or law in issuing its order. If, as TXU speculates, Murray's personnel file does not have the information its wants or thinks it needs, TXU may then move for further discovery, consistent with the terms of the Court's Order.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

/s/ Christopher H.M. Carter
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

Dated: November 5, 2004

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent this day to all counsel of record.

                                                  /s/ Christopher H.M. Carter
                                                  Christopher H.M. Carter

#506328