UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY, <br><br> *Plaintiff,* <br><br> v. <br><br> TXU CORP. *et al.,* <br><br> Defendants. | MISCELLANEOUS BUSINESS DOCKET <br><br> (Related to Cause No. 3:03 CV-088P, U.S. District Court, Northern District of Texas, Dallas Division) <br><br> Civil Action No. 04-12123-NG |

## ASSENTED-TO MOTION TO CORRECT RECORD

American National Power, Inc. ("ANP") respectfully submits this assented-to motion to correct the record in this case. In support of this Motion, ANP submits as follows:

1. On November 4, 2004, non-party ANP submitted its Post-Hearing Memorandum in Support of Request for Attorneys' Fees and Costs ("Memorandum") which contains an inaccurate reference to the record in this matter.

2. Specifically, the first paragraph of Page 3 of ANP's Memorandum states as follows: "In addition, $3,304.90 in additional fees and costs which have been incurred from September 2004 forward are reflected in the Hinckley, Allen & Snyder LLP billing records enclosed as **Exhibit B** of the Carter Affidavit." (emphasis in original).

3. As indicated, Exhibit B of the Affidavit of Christopher H.M. Carter (the "Carter Affidavit"), submitted in support of ANP's Memorandum, includes certain billing records from the law firm Hinckley, Allen & Snyder, LLP which reflect the external legal fees and costs incurred by ANP from September 2004 through November 2004 in

#506431 v1

connection with this matter. As indicated by the billing records included in Exhibit B to the Carter Affidavit, such fees and costs amount to $6,506.06 ($6,386 in attorneys' fees and $119.06 in additional costs) and not to $3,304.90 as reflected on page 3 of ANP's Memorandum.

4.      Accordingly, to correct the record in this case, ANP respectfully requests leave to substitute page 3 of its Memorandum currently on file with the Court with the corrected page 3 enclosed with this Motion as Exhibit A. The factual correction appears in the first paragraph of Exhibit A.

5.      TXU, by its counsel, Attorney Anita Bapooji, assents to this Motion.

WHEREFORE, non-party ANP respectfully requests that this Honorable Court issue an Order:

A.      Granting the instant Motion and allowing the substitution of the page enclosed as Exhibit A for page 3 of ANP's Post-Hearing Memorandum in Support of Request for Attorneys' Fees and Costs; and

B.      Granting such other relief as the Court deems just and proper.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,

Dated: November 5, 2004

/s/ Christopher H.M. Carter
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

#506431 v1

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was sent this date to all counsel of record.

    /s/ Christopher H.M. Carter
    Christopher H.M. Carter

#506431 v1

**EXHIBIT A**

through August 2004.[4] In addition, $6,506.06 in additional fees and costs which have been incurred from September 2004 forward, are reflected in the Hinckley, Allen & Snyder LLP billing records enclosed as **Exhibit B** of the Carter Affidavit. The fees and costs reflected in Exhibits A and B are exclusive of time and costs expended by ANP's internal legal counsel in connection with this matter.

The substantial amount of fees and costs incurred by ANP is a direct reflection of TXU's unrelenting and inflexible demands that ANP fully comply with the Subpoena, notwithstanding ANP's legitimate objections to its scope and the burdens imposed. This conduct is illustrated by the following chronology of events:

> \*   **January 15, 2004**: TXU served non-party ANP with the Subpoena, which called for ANP to produce "any and all records and documents pertaining to" William Murray, a former ANP employee who worked for the company during the period between 1987 to 1990. TXU repeatedly argued that it was entitled to full discovery against ANP because TXU was involved in a whistleblower suit brought by Murray, under the Sarbanes-Oxley Act in a matter styled <u>Murray v. TXU Corp.</u>, Case No. 03-CV-088P. TXU did not substantiate the relevancy of the requested documents to the pending litigation. Nor did TXU demonstrate any substantial need for the vast scope of materials covered by the Subpoena.
>
> \*   **January 21-March 3, 2004**: ANP contacted TXU's counsel requesting TXU to specify the documents TXU was seeking, and to narrow the scope of the Subpoena. <u>See</u> March 18, 2004 Affidavit of Nona S. Pucciariello submitted in

---

[4] As indicated on the redacted statements, a total of $2,840.00 in reductions have been made to certain legal fees incurred in April 2004. These reductions relate to time incurred to prepare a motion for Rule 11 sanctions based on materially false statements in TXU's Reply. ANP ultimately chose not to proceed with this motion, and is not seeking recovery of costs incurred to prepare the same.