UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM J. MURRAY,     )<br>    Plaintiff,        )<br>                          )<br>v.                      )<br>                          )<br>TXU CORP., et al.,    )<br>    Defendants.       )<br>GERTNER, D.J. | Docket No.  04-cv-12123-NG<br><br>(Related to Cause No. 3:03<br>CV-088P, U.S. District Court,<br>Northern District of Texas,<br>Dallas Division) |

**PROTECTIVE ORDER**
**November 8, 2004**

Upon review of the facts provided to the Court in connection with TXU's Motion to Compel Discovery from non-party ANP, the Court hereby orders and rules as follows:

1.   On or before November 9, 2004, ANP shall deliver to counsel for TXU Corp. a non-disclosure agreement ("NDA") governing the disclosure of ANP's personnel file for William J. Murray (the "Personnel File").  (Exhibit A, attached.)

2.   On or before November 9, 2004, TXU shall execute the attached [Agreed] Protective Order, concerning the Personnel File, and any future documents produced by ANP in the above-captioned matter. (Exhibit B.)

3.   Upon receiving a fully executed NDA from TXU, ANP shall send, by overnight delivery, a copy of the Personnel File to TXU's counsel.

4.   Within two (2) days of receiving the Personnel File, TXU shall file Exhibit B with this Court.

5.   Upon ANP's production of the Personnel File, TXU shall not be entitled to demand further discovery from ANP in connection with the case of <u>Murray v. TXU Corp.</u>, absent seeking leave of this Court.

6.   Prior to or at the time of any future demand for Requested Documents, TXU shall provide ANP with written confirmation that TXU will reimburse ANP for any and all costs consistent with Fed. R. Civ. P. 45 (c)(2)(B).


**SO ORDERED.**

**Date:   November 8, 2004**          <u>/s/NANCY GERTNER, U.S.D.J.   </u>

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**NON-DISCLOSURE AGREEMENT**

    I, _____[print name], acknowledge that I have received, read and understand the Court's Protective Order ("Order") to which this Exhibit A is annexed. I understand that by receiving Confidential material, as defined in the Order, I agree to be subject to and bound by the terms and conditions of the Order. I agree to abide by the terms of this Non-Disclosure Agreement as well as the terms of the Order.

    I agree that disclosure and distribution of Confidential material is prohibited, except as expressly permitted by the Order. I agree that I will not distribute or disclose Confidential material, or any report, summary of expected testimony, or written opinion based on Confidential material, except to the attorneys of record in this case. I agree to deliver any report, summary of expected testimony, or written opinion in a sealed envelope clearly marked "Contains Confidential Material Subject to Court Order." I hereby consent to this Court's jurisdiction for the purposes of enforcement of the Order's terms.

    I understand that one original of this Non-Disclosure Agreement will be retained by the attorney of record for Defendants and that another original will be sent to the attorney

of record for American National Power, Inc. with a copy sent to the attorney of record for Plaintiff.

I understand that any violation of the Order or this Non-Disclosure Agreement by me or anyone acting under my direction may subject me to penalties for contempt of court and/or damages to American National Power, Inc., including attorneys' fees for enforcement of the Order or of this Non-Disclosure Agreement.

Date: _____          Signature: _____
                               Name:      _____
                               Address:   _____
                                          _____
                               Telephone: _____
                               Facsimile: _____

**EXHIBIT B**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **WILLIAM J. MURRAY,** ) | |
|     Plaintiff, ) | |
| ) | |
|     v. ) | Docket No.  04-cv-12123-NG |
| ) | |
| **TXU CORP., et al.,** ) | (Related to Cause No. 3:03 |
|     Defendants. ) | CV-088P, U.S. District Court, |
| GERTNER, D.J. | Northern District of Texas, |
| | Dallas Division) |

### [AGREED] PROTECTIVE ORDER

TO THE HONORABLE U.S. DISTRICT JUDGE:

This Order is sought to protect non-party American National Power, Inc.'s (ANP) rights to privacy, and in order to protect information relating to ANP's financial information, competitive information, personnel information or other kinds of commercially sensitive information which ANP deems confidential and which have been and may be sought, produced or exhibited by Defendants to the above proceeding in the U.S. District Court, Northern District of Texas, Dallas Division (the "TXU Proceeding").

[It is hereby agreed, by and between ANP and Defendants, through their respective counsel] and subject to the approval of this Court, that the following Protective Order shall be entered by this Court:

1.   This Protective Order shall govern all documents and other materials and the information contained therein, including initial disclosures, responses to requests for admission,

requests for production, interrogatories, and other discovery requests, documents produced and deposition transcripts produced, served or made by ANP in response to any discovery conducted by Defendants in the above-captioned matter. This Protective Order is binding upon Defendants, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in t his Protective Order.

    2.   As used in this Protective Order, "Confidential" material shall refer to: any documents and information (including, without limitation, electronically stored documents and information) produced by ANP, as well as any answer to a discovery request, any deposition transcript, testimony or portion thereof, and/or other discovery material, and/or any portion thereof or information. otherwise revealed that ANP produces or provides or is otherwise made available (whether pursuant to court order, notice or subpoena or by agreement), provided such items are designated "Confidential." Designation shall be made either by writing on the document, item or transcript (or portion thereof) the word "Confidential" or by a writing describing the "Confidential" item, document or transcript, such as a letter from ANP's counsel. Inadvertent production of any information, document or thing without its being marked "Confidential" shall not itself be deemed a waiver

of any claim of confidentiality as to such matter, and the same may thereafter be corrected by supplemental written notice. For purposes hereof, notes made pertaining to or as the result of a review of Confidential material or other materials derived therefrom or otherwise making use or referring to such Confidential material shall be treated as Confidential and subject to the terms of this Protective Order.

    3.    Confidential material shall be handled in strict accordance with the terms and conditions of this Protective Order. Confidential material shall be used solely for the prosecution and/or defense of the TXU Proceeding or any appeal therefrom, and shall not be used for any other purpose. Confidential material, or information contained therein or derived therefrom may be disclosed only under the circumstances and conditions and to the persons specifically provided for in this Protective Order, or with the explicit consent in writing of ANP with respect to specifically identified Confidential material. Counsel for Defendants shall take all reasonable steps to assure the security of any Confidential material and shall limit access to those persons listed in paragraph 5 below. Confidential material produced or provided by ANP will be kept in Defendants' counsel's possession.

    4.    All documents of any nature, including briefs, that contain or refer to Confidential material, or information

contained therein or derived therefrom, and that are proposed to be filed with the U.S. District Court, Northern District of Texas, Dallas Division, in which the TXU Proceeding is currently pending, shall be filed under seal in accordance with U.S.D.C. N.D. TX LR 79.3 in sealed envelopes marked with the style and number of the TXU Proceeding and this action and bearing a statement substantially in the following form:

<u>**CONFIDENTIAL**</u>

> **FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER IN CIVIL ACTION NO. 04-cv-12123-NG, U.S.D.C., MASSACHUSETTS, DATED _____, 2004, GOVERNING CONFIDENTIALITY OF DOCUMENTS AND INFORMATION PRODUCED DURING THE COURSE OF THIS LITIGATION.**
>
> **THIS ENVELOPE IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED OR REVEALED EXCEPT BY OR TO QUALIFIED PERSONS OR BY COURT ORDER.**

A copy of this Protective Order shall be presented to the clerk of court of the U.S. District Court for the Northern District of Texas, Dallas Division with any such document in accordance with U.S.D.C. N.D. TX LR 79.3(a)(2). Upon final disposition of the TXU Proceeding, Defendants shall immediately notify ANP and shall file any and all motions necessary for the continued protection of such documents to remain under seal as permitted by U.S.D.C. N.D. TX LR79.4.

5.  Confidential material, or any information contained therein or derived therefrom, shall not be disclosed to any person other than the persons set forth below:

> (a) Defendants; provided, however, that Confidential material may only be disclosed to such partys' officers, directors, partners and employees who are actively involved in preparing for and conducting the litigation or settlement negotiations in the TXU Proceeding;
>
> (b) Defendants' attorneys, and other employees of Hunton & Williams LLP, who are working on the TXU Litigation;
>
> (c) Defendants' expert witnesses or consultants but only to the extent Defendants' counsel in good faith believes reasonably necessary to enable such expert or consultant to render assistance in the TXU Litigation;
>
> (d) Deponents and their attorneys, and provided that Defendants' attorneys have a good faith basis for believing that such Confidential material is relevant to specific events, transactions, discussions, communications or data about which the deponent is expected to testify and further subject to paragraph 7 below;
>
> (e) Defendants' fact witnesses provided that Defendants' attorneys have a good-faith basis for believing that such Confidential material is relevant to specific events, transactions, discussions, communications or data about which the witness is expected to testify;
>
> (f) The U.S. District Court for the Northern District of Texas, Dallas Division, persons employed by such Court to whom it is necessary to disclose Confidential material for the purpose of assisting such Court in the TXU Litigation, and court reporters transcribing the testimony or argument at a hearing, trial or deposition in the TXU Litigation or any appeal therefrom;
>
> (g) This Court, any members of its staff to whom it is necessary to disclose Confidential material for the purpose of assisting the Court in this proceeding and

>court reporters transcribing the testimony or argument at a hearing, trial or deposition in this proceeding; and
>
>(h) Any other person, only upon order of this Court or upon ANP's written agreement.

Defendants, their attorneys, and their respective employees identified above, before providing or disclosing Confidential material, or information contained therein or derived therefrom, to any person described in paragraphs 5(c)-(h) above, will: (i) show this Protective Order to such person advising such person that the information is being disclosed pursuant and subject to the terms of this Protective Order and may not be used or disclosed other than pursuant to its terms; and (ii) except for persons described in paragraphs 5(f)-(g), require such person to read this Protective Order and upon reading, sign two originals of a Non-Disclosure Agreement in the form of Exhibit A hereto, agreeing in writing to be bound by this Protective Order's terms and conditions, consenting to this Court's jurisdiction for purposes of enforcement of the Protective Order's terms, and agreeing not to disclose or use any Confidential material, or information contained therein or derived therefrom, for purposes other than those permitted hereunder. Confidential material shall not be disclosed to any person who has not signed a Non-Disclosure Agreement. Defendants' counsel, Hunton & Williams LLP, shall maintain a file with an original of each such Non-

Disclosure Agreement and will provide the other original of all such signed forms to ANP's counsel.

6. All persons receiving Confidential material shall take all steps reasonably necessary to prevent the disclosure of Confidential material to anyone other than the persons identified in paragraph 5 above. The persons set forth above in paragraph 5 shall not disclose any Confidential material or the content thereof to anyone other than those who are entitled to receive such material as set forth therein. If Confidential material is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure shall within three (3) business days after learning of such disclosure, inform ANP of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

7. A deponent shall not be permitted to retain copies of Confidential material unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Protective Order. A deponent's counsel shall not be permitted to retain any copies of Confidential material unless such counsel represents one of the parties in the TXU Litigation or is otherwise entitled to receive and retain such copies under the terms of this Protective Order. Nothing in this paragraph shall prevent a deponent or deponent's counsel from having reasonable

access to the deponent's deposition for purposes of executing the deposition or preparing to testify further in the TXU Litigation. Any Confidential material disclosed to a deponent or its counsel in a deposition shall be designated as "Confidential" on the record during the taking of the deposition, in which case the person responsible for recording or transcribing such testimony shall be directed to bind any transcript page(s) containing Confidential material separately and apart from any transcript page(s) containing no such Confidential material. Defendants shall, at its sole cost and expense, provide ANP with a complete copy of each certified transcript.

   8.   Within one month of the conclusion of this case (or as soon as is practicable thereafter) by dismissal, final judgment, settlement or other final disposition including any appeal, which Defendants shall notify to ANP, Defendants shall ensure that all Confidential material shall be returned to ANP's counsel and no copies thereof shall be retained by any other person, including attorneys, or in the alternative, destroyed and certified to ANP as having been destroyed.

   9.   In the event discovery is sought by Defendants and such discovery would require the disclosure by ANP of highly Confidential materials, such that ANP may deem to require greater limitations on disclosure than are set forth in this Protective Order, then Defendants and ANP agree to attempt in good faith to

agree such additional limitations on disclosure. Nothing in this Protective Order shall be deemed to preclude ANP from objecting to discovery on the basis that additional protection is required with respect to specific discovery, or from seeking and obtaining, additional protection with respect to the confidentiality of documents or other discovery material. Defendants and ANP further agree that before seeking any relief from the Court, they will make a good faith effort to resolve any disputes concerning such additional limitations on disclosure.

    10.  Nothing in this Order shall prevent any party to this action from seeking appropriate modification of this Order, whether by voluntary agreement of counsel or by Order of this Court, from challenging the confidential designation of any document or information, or from objecting to discovery or the introduction of evidence which such party believes to be otherwise improper or from seeking a further protective order for any particularly sensitive information as to which ANP believes that this Protective Order is insufficiently protective.

    11.  Nothing in this Protective Order, and no action taken pursuant to this Protective Order, shall prejudice the right of ANP to contest the alleged relevancy, admissibility, discoverability of documents sought or subject to this Protective Order or to raise any further objection under FED.R.CIV.P. 45.

12. Nothing contained in this Protective Order shall preclude ANP from using its own Confidential material or information in any manner it sees fit, or from revealing such Confidential documents or information to whomever it chooses, without prior consent of any other party or of the Court.

13. To the extent that any Confidential material has been furnished, filed or produced prior to the entry of the Protective Order, disclosure of such material is governed by the Protective Order.

14. The Protective Order shall continue in force until amended or superseded by express order of this Court and shall survive any final judgment in the TXU Litigation. Any invalidity, in whole or in part, of any provision of this Protective Order shall not affect the validity of any other provision of this Protective Order.

15. No mention of this Protective Order or its entry by the Court shall be made in the presence of the jury.

**IT IS SO ORDERED.**

**DATED this \_\_\_\_day of _____, 2004.**

_____
Hon. Nancy Gertner,
U.S. DISTRICT COURT JUDGE

**AGREED:**

BY: _____

**ATTORNEYS FOR DEFENDANTS**

HUNTON & WILLIAMS LLP

BY: _____
    Robert K. Wise (Admitted Pro Hac Vice)
    Texas State Bar No. 21812700
    Energy Plaza, 30th Floor
    1601 Bryan Street
    Dallas, TX 75201
    (214) 979-3000, phone
    (214) 880-0011, facsimile

TESTA, HURWITZ & THIBEAULT, LLP

BY: _____
    Anita B. Bapooji (BBO #644657)
    125 High Street
    Boston, MA 02110
    (617) 248-7000,
    phone (617) 790-0016,
    facsimile

**ATTORNEYS FOR AMERICAN NATIONAL POWER, INC.**

HINCKLEY, ALLEN & SNYDER LLP

BY: _____
    Christopher H.M. Carter (BBO #561146)
    Darin A. Day (BBO #650228)
    28 State Street
    Boston, MA 02109
    (617) 345-9000, phone
    (617) 345-9020, facsimile