UNITED STATES DISCTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM J. MURRAY,<br><br>   *Plaintiff*,<br><br>v.<br><br>TXU CORP. *et al.*,<br><br>   *Defendants*. | Docket No. 04-cv-12123-NG<br><br>(Related to Cause<br>No. 3:03 CV-088P, U.S. District<br>Court, Northern District of<br>Texas, Dallas Division) |

### ANP'S REPLY MEMORANDUM IN SUPPORT OF REQUEST FOR ATTORNEYS' FEES AND COSTS

American National Power, Inc. ("ANP") respectfully submits this Reply to TXU's November 18, 2004 Response to ANP's request for attorneys' fees and costs ("Response").[1]

### I. Introduction

TXU's Response represents an attempt by TXU to re-argue the merits of its case. Ignoring this Court's prior rulings, TXU denies that its January 2004 subpoena (the "First Subpoena") was overbroad or unreasonable; condemns ANP for not responding to that subpoena in full, and for "needlessly" turning an "ordinary" document request into "extraordinary … satellite litigation"; and alleges that ANP "needlessly incurred tens of thousands of dollars in expenses," as to which it should recover nothing. TXU Response, p. 1.

TXU's Response is illustrative of TXU's conduct throughout this litigation. TXU refuses to acknowledge any fault with its discovery demands, to entertain compromise, or to re-evaluate its position even in the face of this Court's ruling that its position is unreasonable. This unrelenting conduct, which has forced non-party ANP to incur substantial attorneys' fees and costs, stands in clear violation of Rules 26, 37 and 45 of the Federal Rules of Civil Procedure.

---

[1] TXU's Response was not delivered to ANP until November 21, 2004.

#508952 v1

II.     **Misstatements In the TXU Memo Require Correction**

As with TXU's prior memoranda in this case, TXU's Response contains many allegations that are demonstrably false. These allegations present ANP with a Hobson's choice: it can allow the factual distortions to remain unchallenged or incur still more costs to clarify the record. ANP does not wish to unnecessarily enlarge the already bloated court file in this case. However, it will respond to a limited number of TXU's latest allegations, in order to ensure that any confusion created by TXU's Response will not interfere with the Court's consideration of ANP's pending request to recover its fees and costs.

> \*      *After "first advising" TXU that it would "produce the requested documents," ANP "objected to the subpoena in its entirety."* TXU Response, p. 3.

Given the documentary record of ANP's correspondence with TXU, it is difficult to comprehend how TXU could, in good faith, make these allegations. That record shows quite clearly that ANP attempted to resolve this dispute by proposing an agreement that entailed the production of Murray's personnel file. Pursuant to Rule 45, ANP provided TXU with notice that the First Subpoena was overly broad and unduly burdensome. However, ANP continued its efforts to reach a compromise with TXU. See ANP Post-Hearing Memorandum In Support of Request For Attorneys' Fees and Costs ("Post-Hearing Memo"), pp. 3-4.

> \*      *"ANP is seeking to recover fees for both the Motion to Strike and the Rule 11 Motion."* TXU Response, p. 3 n. 5.

Whether or not TXU's conduct is actionable under Rule 11, ANP does not seek recovery of costs incurred to draft and serve TXU with a Rule 11 motion. TXU already knows this. See Post-Hearing Memo, p. 3 n.4.

> \*      *TXU tried to "resolve the dispute and obtain ANP's deposition and documents," but ANP "flatly rejected" TXU's proposal.* TXU Response, p. 4.

#508758 v1

2

This is another distortion. In August 2004, after it had been put to the task of responding to TXU's Motion to Compel and a succession of subsequent filings, ANP tried once again to settle this matter after TXU advised that it intended to file another subpoena and deposition notice. ANP did not "flatly reject" efforts to settle the dispute. Again, TXU already knows this, because its counsel received lengthy correspondence from ANP which outlined settlement proposals. See 10/5/04 Testa, Hurwitz & Thibeault letter to the Clerk of Court, Exhibits C & G. ANP proposed producing Murray's personnel file, as well as various other documents demanded by TXU's second subpoena, provided TXU would agree to a settlement that established limits on its future discovery demands. No settlement was reached because TXU refused to compromise on its demand that ANP produce confidential and privileged information. Moreover, TXU also insisted that ANP waive its ability to recover the attorneys' fees and costs it <u>already</u> incurred in litigation over TXU's Motion to Compel. TXU's offer also did not include any protection of ANP against the significant cost of producing documents as required by Fed. R. Civ. P. 45.

   *   *TXU tried to compromise over the Initial Subpoena.* TXU Response, p. 5.

TXU cannot explain, and thus it ignores, the fact that it <u>never</u> agreed to narrow the scope of the First Subpoena. In assenting to ANP's request to address ancillary issues such as a protective order (an obligation under Rule 45), TXU was not compromising.

   *   *ANP should have produced Murray's personnel file without an agreement on the scope of the First Subpoena.*

This argument ignores Rule 45 which provides that if objection is made, the party serving the subpoena (TXU) shall not be entitled to inspect and copy the materials except pursuant to a court order. Furthermore, the record shows that notwithstanding any offer by ANP to produce the limited personnel files, TXU fully intended to file its Motion to Compel absent full compliance with its overly broad and burdensome discovery demands.

#508758 v1

    \*    *The Second Subpoena was "limited and focused."* TXU Response, p. 8.

As was shown at the October 27 hearing, this allegation is not accurate. TXU demanded that ANP not only produce Murray's personnel file, but also respond to many other, overbroad demands, including demands that on their face called for ANP to produce privileged information. Compliance with the Second Subpoena would have required ANP to review hundreds of boxes of documents to, for example, confirm or deny TXU's suspicions about legal advice that Murray may or may not have provided to the company. This Court has aptly ruled that TXU had no basis for imposing this burden on non-party ANP.

    \*    *ANP's argument for recovering its expenses is "simplistic."* TXU Response, p. 9.

TXU is correct that the basis for awarding ANP its fees and costs <u>is</u> quite simple. On its face, the First Subpoena, which demanded ANP to produce "any and all documents pertaining to" William Murray, was overly broad and unreasonable. In violation of the Federal Rules of Civil Procedure, TXU refused to accept any modification to the scope of the subpoena,[2] and filed its Motion to Compel in the face of ANP's attempts to resolve the dispute. Furthermore, the record is devoid of any good faith attempt by TXU to resolve or narrow the issues brought before the Court prior to filings its Motion to Compel in clear violation of Local Rules 7.1 and 37.1. Under these facts, awarding ANP its fees and costs is warranted.

    \*    *ANP's expenses "are unreasonable."* TXU Response, p. 11.

TXU contends that the number of ANP attorneys assigned to this matter (three: one partner and two junior associates), and the amount of time spent, is "grossly excessive" given the "dispute's simple and straightforward nature." <u>Id</u>. These allegations are surprising, given that TXU has enlisted at least six attorneys from two law firms to litigate this matter: Robert Wise,

---

[2] Even now TXU alleges that it "had substantial justification for not limiting either the Initial Subpoena or [its] Motion to Compel to Murray's personnel file." This Court already has found otherwise.

#508758 v1

4

Patricia Gill, David C. Lonergan and David Poole from Hunton & Williams, and Anita Bapooji and Laura Stock from Testa, Hurwitz & Thibeault. Despite the "straightforward nature" of this dispute, TXU's battalion of lawyers have, to date, filed 11 motions, memoranda and other submissions in this case, along with numerous affidavits and dozens of exhibits. Although the issues presented are "simple," Attorney Wise, a senior partner from Hunton & Williams' Dallas office, traveled to Boston to argue TXU's case during the October 27 hearing, where he was accompanied by Attorney Bapooji. One wonders how much TXU has paid its legal team over the past 11 months.

ANP did not initiate this litigation. It sought to compromise, but at every turn ANP has been forced to respond to TXU's repetitive, and now threadbare, allegations of bad faith. The TXU Motion continues this pattern.

### III.   ANP Should Be Awarded Expenses Incurred Since the October 27 Hearing

For the reasons set forth above and in its Post-Hearing Memorandum, ANP should be awarded its attorneys' fees and costs incurred in this matter. Since its Post-Hearing Memorandum, which reflected expenses fees and costs incurred through October 30, 2004, ANP has incurred additional expenses totaling $5,940.72. These include costs incurred by replying to TXU's Response. See November 30, 2004 Affidavit of Christopher Carter, submitted herewith. ANP respectfully requests that this Court award these expenses as well, bringing its total recovery of fees and costs in this matter to $44,851.37.

Respectfully submitted,

AMERICAN NATIONAL POWER, INC.
By its attorneys,


/s/ Christopher H.M. Carter
Christopher H.M. Carter (BBO #561146)
Darin A. Day (BBO #650228)
Hinckley, Allen & Snyder LLP
28 State Street
Boston, MA  02109
(617) 345-9000, phone
(617) 345-9020, facsimile

Dated:  November 30, 2004


### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent this day to all counsel of record.

/s/ Christopher H.M. Carter
Christopher H.M. Carter

#508758 v1